COMMONWEALTH *vs.* JAMES M. COWAN. March 26, 1976. This is a report from the Superior Court (G. L. c. 211A, § 10; see G. L. c. 278, § 30A) of various questions concerning the constitutionality of the provision in G. L. c. 90, § 7, requiring that an operator of a motorcycle wear protective headgear. The statute was held to be "a valid exercise of the police power" in *Commonwealth* v. *Howie,* 354 Mass. 769 (1968), and that case is, of course, binding on us. The first of the reported

---

[1] Mary T. Caccavaro.

questions, and the one emphasized in the defendant's brief, is whether that provision of the statute "results in a denial to the defendant of his right of privacy . . .." This issue is not explicitly mentioned in the opinion in the *Howie* case, but we have examined the original papers in that case and find that the same issue was raised there by the defendant, who quoted from *Griswold* v. *Connecticut,* 381 U.S. 479, 493 (1965) (Goldberg, J., concurring), and from Mr. Justice Brandeis' classic dissent in *Olmstead* v. *United States,* 277 U.S. 438, 478 (1928). We cannot assume that the Supreme Judicial Court overlooked this contention in sustaining the statute. We therefore hold the statute constitutional on the authority of the *Howie* case, and answer the questions accordingly.

*So ordered.*

The case was submitted on briefs.
*Mel L. Greenberg* for the defendant.
*William T. Buckley,* District Attorney, & *Francis R. Fecteau,* Assistant District Attorney, for the Commonwealth.