COMMONWEALTH *vs.* STEPHEN H. NOFFKE.

Worcester. February 6, 1978. — August 1, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Trespass. Jurisdiction,* Federal preemption, Labor. *Federal Question. Labor and Labor Unions.*

Although a nonemployee's presence on an employer's premises for the purpose of solicting employees in the course of a union organization campaign was arguably protected by § 7 of the National Labor Relations Act, 29 U.S.C. § 157 (1970), the courts of the Common- wealth were not deprived of jurisdiction over a trespass action against the nonemployee where the nonemployee could have pre- sented the dispute to the National Labor Relations Board but did not, where the employer had no right to bring the dispute before the board, and where the assumption of jurisdiction did not create an unacceptable risk of interference with conduct which the board would find protected. [130–134]

The guaranties of arts. 16 and 19 of the Massachusetts Declaration of Rights to free speech and the right to assemble did not extend to the conduct of a nonemployee in trespassing on an employer's premises for the purpose of soliciting employees in the course of a union organization campaign. [134]

COMPLAINT received and sworn to in the First District Court of Southern Worcester on May 25, 1976.

On appeal to the Superior Court, questions of law were reported by *Greaney,* J. After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

*Stephen R. Domesick* for the defendant.

QUIRICO, J. This case, here on report by a judge of the Superior Court, pursuant to G. L. c. 278, § 30A, presents the question whether a State court may convict a defendant of trespass for his presence on an employer's premises when he is there as a nonemployee soliciting employees in the course of a union organization campaign.

The defendant Stephen H. Noffke was employed by District 1199 Mass., National Union of Hospital and Health Care Employees, RWDSU/AFL-CIO (union), as a labor organizer.[1] On December 19, 1975, the union demanded recognition from Hubbard Regional Hospital (hospital) as the exclusive representative of certain of its employees.[2] Following the filing of a petition for election with the National Labor Relations Board (board) and the holding of several hearings thereon, the board, in May, 1976, issued a decision ordering an election.

At approximately 6:30 A.M. on May 25, 1976, the defendant and another person, both union organizers, entered onto the paved parking area of the hospital and, standing about thirty feet from an entrance, spoke to some of the employees as they passed by. Most employees

---

[1] Except as otherwise indicated the facts were stipulated to by the parties.

[2] The defendant, the union, and the hospital were an "employee," a "labor organization," and a "health care institution," respectively, as defined in § 2 of the National Labor Relations Act, 29 U.S.C. § 152 (1970 & Supp. V 1975).

The Superior Court judge found that there was no union in existence at the hospital at the time of this incident.

parked their automobiles in the lot and, since they all entered through this entrance, the Superior Court judge found that this spot was the most appropriate location for the defendant's purpose.[3] At about 6:45 A.M., the administrator of the hospital, accompanied by two police officers, requested that the defendant leave the premises. He refused. The officers then explained the trespass laws to the defendant, but he remained adamant in his refusal. He was then placed under arrest.

The defendant was tried and convicted in a District Court of trespass in violation of G. L. c. 266, § 120. He appealed to the Superior Court for a trial de novo. The defendant filed a motion to dismiss asserting that State court jurisdiction was preempted by the National Labor Relations Act (Act), 29 U.S.C. §§ 151-169 (1970 & Supp. V 1975), and that the conduct for which he was complained against was protected by the First Amendment to the Constitution of the United States and art. 16 of the Massachusetts Declaration of Rights. The judge ruled that the complaint should be dismissed on the preemption ground. The judge stayed his order, however, and reported the questions stated below. After review by the Appeals Court, 5 Mass. App. Ct. 496 (1977), we granted an application for further appellate review. G. L. c. 211A, § 11.

The questions reported are: "(1) Does either Article XVI or Article XIX of the Massachusetts Declaration of Rights prohibit the prosecution for trespass under G. L. c. 266, § 120 of a labor union organizer engaged in disseminating information to employees on private property on the facts set out here? [and] (2) Does federal law, namely appropriate sections of the National Labor Relations Act as interpreted by the federal courts, preempt the use

---

[3] The hospital was located next to Route 193, and a driveway of 500 to 600 feet in length ran from the roadway to the area where the defendant was standing. The judge found that the nearest public area that the defendant could have used for solicitation was 600 feet away.

of G. L. c. 266, § 120 to prosecute a labor union organizer engaged in disseminating information to employees on private property for trespass?" We address first the preemption question.

1. In *San Diego Bldg. Trades Council* v. *Garmon*, 359 U.S. 236, 244-245 (1959) (*Garmon*), the Supreme Court of the United States held that, subject to certain limited exceptions,[4] State court jurisdiction over conduct that is arguably protected under § 7 of the Act, 29 U.S.C. § 157 (1970),[5] is preempted, with jurisdiction resting exclusively, in the first instance, with the board. "When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." 359 U.S. at 245. On the basis of the *Garmon* case both the Superior Court and the Appeals Court held that the criminal trespass action challenged here must be dismissed. Since they so decided, however, the Supreme Court in *Sears, Roebuck & Co.* v. *San Diego County Dist. Council of Carpenters*, 436 U.S. 180 (1978) (*Sears*), has narrowed the scope of the preemption doctrine set out in the *Garmon* case. We now examine the effect of the *Sears* decision on this case.

---

[4] The Court stated that the preemption doctrine would not be applied "where the activity regulated was a merely peripheral concern of the Labor Management Relations Act . . . . Or where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act." 359 U.S. at 243-244. See also *Farmer* v. *Carpenters Local 25*, 430 U.S. 290, 296-297 (1977).

[5] Section 7 of the Act, 29 U.S.C. § 157 (1970), provides: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158 (a) (3) of this title."

The *Sears* case considered the question "whether the National Labor Relations Act, as amended, deprives a state court of the power to entertain an action by an employer to enforce state trespass laws against picketing which is arguably—but not definitely—prohibited or protected by federal law." *Id.* at 182. In *Sears*, the union had established picket lines on privately owned walkways and parking areas surrounding a Sears department store because the store was using nonunion men for certain carpentry work. The picketing was peaceful and orderly. A demand was made by the security manager of Sears that the pickets leave the store's property and move to adjacent public sidewalks. The union refused, stating that the pickets would remain until forced to leave by legal action. Sears then obtained an order from a California State court enjoining the picketing on the store's property. On appeal, the California Supreme Court reversed the injunction order on the ground that State court jurisdiction over the trespassory activity was preempted under the doctrine established in the *Garmon* case. 17 Cal. 3d 893, 906-907 (1976).

The United States Supreme Court reversed. It stated that "the mere fact that the Union's trespass was *arguably* protected [under § 7 of the Act] is insufficient to deprive the state court of jurisdiction in this case." *Id.* at 200.[6] Specifically, the Court held that the arguably protected character of a union's trespassory conduct did not preempt State court jurisdiction where (1) one party to the dispute over the conduct could have presented it to the board but did not, (2) the other party to the dispute had no acceptable means of bringing it before the board, and (3) there was not an unacceptable risk of interference

[6] The Court also discussed the factors relevant to the preemption question where the activity that is to be the subject of the State court proceeding is "arguably prohibited" under the Act. This second branch of the *Garmon* doctrine is not relevant to the instant case, since the activity engaged in here is clearly not within any prohibition of § 8 of the Act.

with conduct that the board would conclude was protect-
ed. The Court reasoned that, absent strong considerations
to the contrary, a State court should not be deprived of
jurisdiction over an action that provides the only oppor-
tunity for an aggrieved party to obtain an orderly resolu-
tion of a dispute. The sole consideration that the Court
indicated was sufficiently strong to produce such a depri-
vation was the danger of State interference with federal-
ly protected conduct. The Court states that, where there
is no other means for peaceful resolution of the controver-
sy, a State court should have jurisdiction unless that ju-
risdiction would "create an unacceptable risk of interfer-
ence with conduct which the Board, and a court review-
ing the Board's decision, would find protected." *Id.* at 205.
The deprivation of State court jurisdiction thus is, in part,
a function of the strength of the claim that the activity
that is the subject of the suit is in fact protected under § 7
of the Act.

Applying the principles of the *Sears* decision, we con-
clude that the Act does not deprive a State court of juris-
diction in the circumstances of the case before us. Clearly,
the defendant's conduct is arguably protected by § 7 of
the Act, neither party contending otherwise. The hospi-
tal's demand to the defendant that he leave the premises
provided him with a basis for bringing the dispute before
the board, see *Sears, supra* at 207 n.44. However, he chose
not to do so.[7] The hospital itself had no right to present
the case to the board since organizational solicitation on
an employer's premises by non-employees is not within

---

[7] The Commonwealth appended to its brief a copy of a letter from
the regional director of the board to the defendant's counsel, in which
the official stated that he was refusing to issue a complaint in the
matter of the arrest that is the subject of the case here. It appears,
therefore, that at some time after his arrest the defendant did present
the dispute to the board. We do not consider this in our disposition of
the case, however, since it was not a matter of record before the
Superior Court, nor is it such here. See *Commonwealth* v. *Noffke*, 5
Mass. App. Ct. 496, 505 n.7 (1977).

the proscriptions of the Act. See 29 U.S.C. § 158 (1970 & Supp. V 1975). Therefore, the only opportunity for the peaceful resolution of the dispute, absent an action in a State court, was rejected by the defendant who was the only party to whom it was available. As a result the hospital, which was the aggrieved party, was left with a choice between self-help or acquiescence in the trespass. See *Sears* at 207.

In such a circumstance preemption is not justified so long as the State court action "does not create an unacceptable risk of interference with conduct which the Board . . . would find protected." *Sears, supra* at 205. This risk is not present here. In *NLRB* v. *Babcock & Wilcox Co.*, 351 U.S. 105, 112 (1956), the Court recognized that generally an employer may prohibit nonemployees from union solicitation on his premises. In certain circumstances, of course, specifically "when the inaccessibility of employees makes ineffective the reasonable attempts by nonemployees to communicate with them through the usual channels," this right to bar the organizers must yield. *Id.* Nevertheless, in a proceeding before the board, the burden of proving the existence of such an exception lies with the union,[8] and the general rule remains that an employer has the right of exclusion. *Sears, supra* at 205. See also *Beth Israel Hosp.* v. *NLRB*, 437 U.S. 483 (1978). Since, then, it is more likely that employers' exclusions of alleged trespassers will be upheld by the board than the contrary, State courts may be permitted "to evaluate the merits of an argument that certain trespassory activity is protected." *Sears, supra* at 205. The assumption by a State court of jurisdiction over the conduct of the defendant here, which is within the category of trespassory activity referred to in *Sears*, does not, therefore, create a

---

[8] We emphasize that we express no view here as to whether the union or an individual representative of a union also bears this burden of proof as a defendant in a criminal proceeding. See *Commonwealth* v. *Stokes*, 374 Mass. 583, 590-593 (1978); *Patterson* v. *New York*, 432 U.S. 197 (1977); *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975).

risk of interference with federally protected activity which is sufficiently high to justify preempting the only alternative for peaceful resolution of the dispute.

We therefore hold that, under the guidelines set out in *Sears*, the courts of the Commonwealth are not deprived of jurisdiction over the trespass action here. See *People* v. *Bush*, 39 N.Y.2d 529, 535-538 (1976); *People* v. *Goduto*, 21 Ill. 2d 605, 607-614, cert. denied, 368 U.S. 927 (1961).

2. The defendant's second defense, that his solicitation activity on the employer's property was protected by arts. 16 and 19 of the Declaration of Rights, the free speech and right to assemble provisions, respectively, is easily disposed of. In *Hudgens* v. *NLRB*, 424 U.S. 507, 520-521 (1976), the Supreme Court held that, because of the absence of State action, the First Amendment did not protect labor picketing that took place within a privately owned shopping center. We see no distinction between labor picketing and labor organization solicitation, both taking place on private property, such as would require a different result. And, at least in this context, the protections of arts. 16 and 19 extend no further than the comparable provisions of the First Amendment. See *First Nat'l Bank* v. *Attorney Gen.*, 362 Mass. 570, 586 (1972) (Tauro, C.J., and Reardon, J., concurring); *Bowe* v. *Secretary of the Commonwealth*, 320 Mass. 230, 249 (1946). Articles 16 and 19 protect the rights of free speech and assembly from abridgement by the government. Therefore guaranties of those articles do not extend to the conduct here which occurred on the property of a private employer.

3. In answer to the questions reported, we hold that the criminal prosecution in the present case is not barred by arts. 16 and 19, nor is the jurisdiction of the courts of the Commonwealth preempted by the National Labor Relations Act. Therefore the order allowing the motion to dismiss is reversed, and the case is remanded for further proceedings in the Superior Court Department.

*So ordered.*