CHARLESBANK RESTAURANT, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. June 12, 1981. On October 19, 1977, the plaintiff licensee, doing business as Goodtime Charley's, was given notice of a hearing before the Boston Licensing Board concerning eight police incident reports. The hearing on November 1, 1977, concerned six of the reports, five of which involved allegations that prostitutes, on five occasions from April 4, 1977, to July 26, 1977, had solicited on the premises of Goodtime Charley's. A year after the hearing the board issued a decision revoking the license. The board's decision contained no findings concerning the announced subject of the hearing, i.e., the specific incidents alleged in the police reports. Its decision did contain general findings to the effect that the premises were used freely by prostitutes for solicitation, that the licensee had been warned in the past concerning such activity, that its license had been suspended on at least one prior occasion for permitting

such activity, and that it had taken no measures to curb solicitation on the premises. The licensee appealed to the defendant commission. The hearing before the commission was limited to the five incident reports of solicitation for prostitution, and evidence was introduced which would have warranted findings that the solicitations alleged had occurred on the premises on each of the five occasions. The commission affirmed the revocation in a summary decision which set out no findings but instead adopted those made by the board.

The hearing before the commission was an adjudicatory proceeding governed by the provisions of G. L. c. 30A, §§ 10 and 11. *United Food Corp.* v. *Alcoholic Beverages Control Commn.*, 375 Mass. 238, 240 (1978). The licensee was entitled by § 11(8) to a decision which set out the commission's findings with respect to the five incidents charged. If the licensing board had made such findings, the commission could have discharged its obligation under § 11(8) by adopting the findings made by the board, *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 372 Mass. 152, 156 (1977), to the extent that the evidence adduced before the commission warranted such findings. Because the board had made no findings specifically concerning the incidents charged, it remained the commission's obligation to articulate the findings of fact which were the basis of the conclusions it drew and the disciplinary action it affirmed. General findings were insufficient. Adjudicatory findings must be "adequate to enable us to determine (a) whether the [commission's] order and conclusions were warranted by appropriate subsidiary findings, and (b) whether such subsidiary findings were supported by substantial evidence." *Westborough* v. *Department of Pub. Util.*, 358 Mass. 716, 717-718 (1971). *School Comm. of Chicopee* v. *Massachusetts Commn. Against Discrimination*, 361 Mass. 352, 353-355 (1972). The findings made by the commission in *New Palm Gardens, Inc.* v. *Alcoholic Beverages Control Commn.*, 11 Mass. App. Ct. 785 (1981), were far more specific than those adopted here.

The judgment is reversed. An order is to enter remanding the case to the commission for findings in compliance with § 11(8).· The commission may make its findings on the basis of the evidence adduced at the earlier hearing, see § 11(7), or it may, in its discretion, rehear the case in whole or in part. The Superior Court should retain jurisdiction.

*So ordered.*

*Leo Sontag* for the plaintiff.
*Scott A. Smith*, Assistant Attorney General, for the defendant.