COMMONWEALTH *vs.* THOMAS A. GUEST (and a companion case[1]). September 21, 1981. The defendant in each case appeals from his conviction of failing to wear protective headgear while operating a motorcycle, as required by G. L. c. 90, § 7, first par., the third from last sentence. We reject the defendants' new bases (see *Commonwealth* v. *Howie,* 354 Mass. 769, cert. denied, 393 U.S. 999 [1968]; *Commonwealth* v. *Cowan,* 4 Mass. App. Ct. 796 [1976]) for claiming that provision to be invalid.

1. *Equal protection.* The requirement of protective headgear for a motorcyclist but not for a rider of a "[m]otorized bicycle . . . which is capable of a maximum design speed of no more than twenty-five miles per hour" (G. L. c. 90, § 1, as appearing in St. 1976, c. 261, § 2) — commonly called a moped — and which is excluded from certain limited access or express State highways (c. 90, § 1B) cannot be said to be a classification "unjustified by any conceivable set of facts or findings." *Zayre Corp.* v. *Attorney Gen.,* 372 Mass. 423, 432-433 (1977). See *Commonwealth* v. *Henry's Drywall Co.,* 366 Mass. 539, 544-545 (1974) (prohibition of the use of stilts in construction work but not in other industries or by self-employed individuals is valid); *Consolidated Cigar Corp.* v. *Department of Pub. Health,* 372 Mass. 844, 854 (1977) (statute regulating only farm labor camps but not other types of temporary housing is valid). Nor will a "court . . . invalidate a classification merely because the Legislature has not chosen to address an entire problem in defining a classification." *Zayre Corp.* v. *Attorney Gen.,* 372 Mass. at 433, and cases cited.

2. *Vagueness.* We see nothing vague in the applicable provision of G. L. c. 90, § 7, as implemented by the detailed regulation issued by the Registrar of Motor Vehicles in 540 Code Mass. Regs. § 2.09 (1978). In any event, the defendants cannot take advantage of any uncertainty that may arise at the periphery of the prohibition, for the defendant Guest wore no headgear at all and the defendant Cody wore a bandanna, obviously not protective headgear by any relevant definition. See *Commonwealth* v. *Gallant,* 373 Mass. 577, 579-581 (1977) (constitutional vagueness analyzed "as applied to the defendant's conduct"). While we do not intimate that any part of the statute or regulation is vague, we note that "[w]here . . . a statute clearly proscribes some conduct, but is vague as to its reach over other acts, a defendant charged with conduct that falls into the first category, a so-called hard-core violator, is not entitled to raise a vagueness challenge." *Commonwealth* v. *Bohmer,* 374 Mass. 368, 371 n.6 (1978), citing *Smith* v. *Goguen,* 415 U.S. 566, 577-578 (1974).

3. *Preemption.* In the circumstances of these cases, the relevant provision of G. L. c. 90, § 7, and the implementing regulation, 540 Code Mass. Regs. § 2.09 (1978), do not conflict with and are not preempted by 15 U.S.C. § 1392(d) (1976). There is nothing in the Federal law which gives motorcyclists a right to ride bareheaded or wearing only a bandan-

_____

[1] Commonwealth *vs.* Denis M. Cody.

na; it merely sets standards for "helmets designed for use by motorcyclists . . . ." 49 C.F.R. § 571.218 (1980). Preemption is simply irrelevant here. See *Hines* v. *Davidowitz*, 312 U.S. 52, 67 (1941); *Florida Lime & Avocado Growers, Inc.* v. *Paul*, 373 U.S. 132, 142-145 (1963). See also *Commonwealth* v. *Noffke*, 376 Mass. 127, 133-134 (1978); *Labor Relations Commn.* v. *Blue Hill Spring Water Co.*, 11 Mass. App. Ct. 50, 54 (1980).

*Judgments affirmed.*

*Thomas A. Guest* pro se.

*Michael P. Mack* for Denis M. Cody.

*Kevin J. Ross*, Legal Assistant to the District Attorney, for the Commonwealth.