ATKINSON'S INC., & others[1] *vs.* ALCOHOLIC BEVERAGES
CONTROL COMMISSION; J. & J. ENTERPRISES, INC.,
intervener.

Middlesex.   February 9, 1983. — February 15, 1983.

Present: GRANT, KAPLAN, & GREANEY, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal, Review of administrative action. *Administrative Law,* Remand to agency.

In a proceeding under G. L. c. 30A, § 14, for judicial review of a decision by the Alcoholic Beverages Control Commission, a Superior Court order of remand to the Commission for the formulation of entirely new findings and rulings, following the judge's finding of unauthorized ex parte communications between the Commission and counsel for the complainants, was interlocutory and under c. 30A, § 15, an appeal to this court from the order of remand was premature. [327-330]

CIVIL ACTION commenced in the Superior Court on April 9, 1976.

The case was heard by *Mitchell, J.*

*Evan T. Lawson (Howard J. Wayne & Paul M. Osborne* with him) for the plaintiffs.

*John P. Graceffa,* Assistant Attorney General, for Alcoholic Beverages Control Commission.

GRANT, J.   Following the decision in *J. & J. Enterprises, Inc.* v. *Martignetti,* 369 Mass. 535 (1976), certain of the plaintiffs in that case filed a complaint in the Alcoholic Beverages Control Commission (commission) in which they charged the plaintiffs herein (plaintiffs) and others with a variety of monopolistic practices and by which they sought (among other relief) revocation of the licenses to operate re-

---

[1] Atlantic Plaza Liquors, Inc., Clark's Liquors, Inc., East Boston Malt Co., Inc., Kappy's Liquors, Inc., Main Street Bottle Store, Inc., Northgate Liquors, Inc., Springdale Liquors, Inc., and Route 114 Liquors, Inc.

tail liquor stores which had been issued to most of the plaintiffs under G. L. c. 138, § 15. Following fifteen days of hearings conducted by its then chairman, the commission, acting by the chairman and one of its other then members (Vernon R. Farnsworth, Jr.),[2] rendered a decision adverse to the plaintiffs. They seasonably sought review in the Superior Court under G. L. c. 30A, § 14.

A judge of that court, acting on the basis of evidence that was put before him by agreement of the parties, found that there had been unauthorized ex parte communications between Farnsworth and special counsel to the commission (Mr. Harold Kowal) on the one hand and counsel for the complainants (Mr. Harold Hestnes) on the other in the course of which "Farnsworth and Kowal provided Hestnes with [a] file [of documents which Farnsworth had obtained from a private source] knowing that it contained information which the complainants did not possess and knowing that the information would help them substantiate their allegations . . . . Neither Farnsworth nor Kowal ever notified [the plaintiffs] of their ex parte contact with Hestnes, nor did they give notice that Farnsworth had obtained the file . . . and turned it over to the complainants . . . ." "[T]he plaintiffs learned about Farnsworth's ex parte contact with Hestnes and his provision of the documents to the complainants" "[t]wo days before the scheduled . . . adjudicatory hearing date."[3]

The judge struck the commission's findings, rulings and order, and remanded the case to the commission (the membership of which had completely changed) for the formulation of entirely new findings and rulings. The order of remand provided that the commission could render its new decision on the basis of the evidence that had already been introduced at the public hearing, together with such new

---

[2] The third member had disqualified himself.

[3] No question has been raised as to the accuracy of any of the quoted findings.

evidence as the commission might choose to take.[4] The plaintiffs have appealed, confining their arguments to the proposition that compliance with the mechanics of the order of remand would result in depriving the plaintiffs of procedural due process.[5] Neither the commission nor the intervener has appealed.

The order of remand is purely interlocutory so far as the plaintiffs are concerned. Compare *Pollack* v. *Kelly*, 372 Mass. 469, 475-476 (1977); *Brooksbank* v. *Epstein*, 5 Mass. App. Ct. 377, 378 (1977). The commission points to instances in which we have responded to the traditional abhorrence of piecemeal appellate review (see *Pollack*, at 470-472 by dismissing appeals from interlocutory orders of remand (see, e.g., *Roberts-Haverhill Associates* v. *City Council of Haverhill*, 2 Mass. App. Ct. 715, 719-720 [1974]; *Politano* v. *Selectmen of Nahant*, 12 Mass. App. Ct. 738, 739-740, 746 [1981]) and tempts us to follow that course here. The plaintiffs point to the provisions of G. L. c. 30A, § 15, as appearing in St. 1973, c. 1114, § 3,[6] and urge us to resist the temptation.

---

[4] Although it is not entirely clear, the judge appears to have contemplated that the commission would follow the procedure authorized by G. L. c. 30A, § 11 (7), inserted by St. 1954, c. 681, § 1, for use in cases in which a majority of those who must participate in an official decision have neither heard nor read the evidence. See *Board of Appeals of Maynard* v. *Housing Appeals Comm.*, 370 Mass. 64, 66 (1976); *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 372 Mass. 152, 156 (1977); *New England Tel. & Tel. Co.* v. *Department of Pub. Util.*, 376 Mass. 28, 33 (1978); *Arthurs* v. *Board of Registration in Medicine*, 383 Mass. 299, 315-316 (1981); *Massachusetts State Pharmaceutical Assn.* v. *Rate Setting Commn.*, 387 Mass. 122, 130 (1982); *Brookline* v. *Commissioner of Dept. of Environmental Quality Engr.*, 387 Mass. 372, 393 (1982); *School Comm. of Stoughton* v. *Labor Relations Commn.*, 4 Mass. App. Ct. 262, 271-272 (1976); *Charlesbank Restaurant, Inc.* v. *Alcoholic Beverages Control Commn.*, 12 Mass. App. Ct. 879, 880 (1981).

[5] The plaintiffs may not have assessed the import of what was said in *Fortier* v. *Department of Pub. Util.*, 342 Mass. 728, 733, 735-736 (1961), and in *Massachusetts State Pharmaceutical Assn.* v. *Rate Setting Commn.*, 387 Mass. 122, 131 (1982).

[6] "The supreme judicial court and the appeals court shall have concurrent jurisdiction to review any proceedings had, determinations made,

The conflicting contentions of the parties require us to consider the history of § 15. That section, as originally inserted by St. 1954, c. 681, § 1, read as set out in the margin.[7] In *Marlborough Hosp.* v. *Commissioner of Pub. Welfare,* 346 Mass. 737 (1964), the court read the portion of the section which is italicized in n.7 hereof in light of the "finality" stricture of G. L. c. 214, § 19, as in effect prior to St. 1973, c. 1114, § 62,[8] and concluded that an order of remand to an administrative officer for a further hearing was interlocutory in nature and would have to await an appeal from any final decree that might ultimately be entered in the Superior Court. See G. L. c. 214, § 26, as also in effect prior to St. 1973, c. 1114, § 62. Accordingly, the appeal from the order of remand was dismissed.

The plaintiffs point to the fact that G. L. c. 30A, § 15, in its present form (n.6 hereof) no longer contains any language comparable to that which has been italicized in n.7 and would have us wish the *Marlborough Hosp.* case away as some sort of sport in the old equity practice. The difficulty with such wishful thinking is its failure to recognize the fact that the "finality" concept of the old G. L. c. 214, § 19, which was repealed by St. 1973, c. 1114 ("An Act improv-

---

and orders or judgments entered in the superior court pursuant to section fourteen. The supreme judicial court or the appeals court, subject to the provisions of section thirteen of chapter two hundred and eleven A, may by rule vary the procedure authorized or required for such review upon a finding that the review by the court will thereby be made more simple, speedy and effective." There is no such rule as the statute authorizes.

[7] "The supreme judicial court shall have jurisdiction to review any proceedings had, determinations made and orders or decrees issued in the superior court pursuant to section fourteen *in the same manner and to the same extent as in equity suits, so far as the provisions governing equity suits are applicable.* The court may by rule vary the procedure authorized or required by this section upon a finding that the review by the court will thereby be made more simple, speedy and effective" (emphasis supplied).

[8] "A party aggrieved by a . . . *final decree* of the superior court may, within twenty days after the entry thereof, appeal therefrom. An appeal . . . from a *final decree* of the superior court shall be entered in the supreme judicial court" (emphasis supplied).

ing the procedure in civil trials and appeals"), § 62, immediately resurfaced in G. L. c. 231, § 113, as appearing in § 202 of the same c. 1114.[9]

We see nothing more to the 1973 amendment of § 15 than another instance of the many changes in the General Laws which were designed to accommodate the abolition of the procedural distinctions between actions at law and suits in equity which was effectuated by Mass.R.Civ.P. 2, 365 Mass. 733 (1974). See, e.g., *Del Duca* v. *Town Admr. of Methuen*, 368 Mass. 1, 2 n.3 (1975); *Boston Edison Co.* v. *Boston Redevelopment Authy.*, 374 Mass. 37, 46-49 (1977); *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42, 46 n.5, 48, 49 & n.6 (1983). Compare *Boston Seaman's Friend Soc.* v. *Attorney Gen.*, 379 Mass. 414, 415-417 (1980). Indeed, a survey of the cases decided under the present § 15 discloses that the only instances in which either of our appellate courts has entertained an appeal from an order of remand to an administrative agency have been ones in which the order has included a final determination of the rights of an appellant. See *Cliff House Nursing Home, Inc.* v. *Rate Setting Commn.*, 378 Mass. 189, 190-191 (1979); *Massachusetts State Pharmaceutical Assn.* v. *Rate Setting Commn.*, 387 Mass. 122, 137-138 (1982); *Blue Moon Saloon, Inc.* v. *Alcoholic Beverages Control Commn.*, 11 Mass. App. Ct. 890, 890-891 (1980).[10] There is no comparable determination of the rights of the plaintiffs in this case.

---

[9] "A party aggrieved by a *final judgment* of the superior court . . . may appeal therefrom to the appeals court or, subject to the provisions of section ten of chapter two hundred and eleven A, to the full court of the supreme judicial court" (emphasis supplied). The plaintiffs do not contend that the order of remand in this case constitutes a "final judgment" within the meaning of § 113, so far as they are concerned, nor could they properly do so. See *Pollack* v. *Kelly*, 372 Mass. at 472; *Borman* v. *Borman*, 378 Mass. 775, 779-780 (1979).

[10] As already pointed out, neither the commission nor the intervener has appealed from the action of the Superior Court in setting aside the commission's decision as the prelude to the order of remand.

As nothing in the Massachusetts Rules of Civil Procedure or in the Massachusetts Rules of Appellate Procedure purports to enlarge the jurisdiction of either of the appellate courts (see Mass.R.A.P. 1[b], 365 Mass. 844 [1974]; *Rollins Environmental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 178 [1975]), the entry is

*Appeal dismissed.*