LION DISTRIBUTORS, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. April 21, 1983. The plaintiff appeals from a judgment affirming a decision of the Alcoholic Beverages Control Commission (commission) to suspend the plaintiff's wholesaler's and importer's license for six days by reason of violations of G. L. c. 138, § 18 (licensee must keep business records and commission shall have access to such records), § 25 (licensee precluded from receiving or extending credit, directly or indirectly, for alcoholic beverages), and § 63A (making it a criminal offense to hinder or delay any authorized investigator in the performance of his duties or to refuse to give him needed information). In addition to challenging the findings of the commission as "[u]nsupported by substantial evidence,"

G. L. c. 30A, § 14(7)(e), as appearing in St. 1973, c. 1114, § 3, the plaintiff claims (1) that in the absence of the commission's prescribing what records should be kept, there can be no violation of § 18; (2) that the commission failed to make adequate findings to support the § 25 violation; and (3) that § 63A does not apply to mere delays in giving information, but requires a refusal of entry to the premises.

1. *Violation of G. L. c. 138, § 18.* The commission's findings show repeated attempts over a four-month period by investigators to obtain records concerning sales by the plaintiff of "beer-related" and other equipment to retail licensees. The only records ever received from the plaintiff were duplicates of invoices (from a supplier of equipment) which the investigators had given the plaintiff to copy, records relating to equipment sales as to which the plaintiff knew the investigators had independent knowledge, and ledger cards containing misrepresentations. The plaintiff's cards usually showed payments by retailers within a few days of sale, although evidence from retailers and their cancelled checks indicated that payments were often made significantly later.

We agree with the judge that there was substantial evidence to support the commission's findings that not all the records of the plaintiff were produced and that some of the ones which were contained misrepresentations. The commission's findings are also sufficient to show a denial of access to the plaintiff's records. Not only was the commission entitled to infer that the plaintiff's records were selectively produced, but it could properly conclude that access to misrepresented records is equivalent to no access at all.

We reject the plaintiff's contention that no sanctions may be imposed for a violation of § 18 in the absence of regulations or other directives from the commission indicating what records are required. The third paragraph of § 18, inserted by St. 1934, c. 385, § 8, provides that a licensee "shall keep such records in such detail and affording such information as the commission may from time to time prescribe." While a plaintiff keeping accurate records may be entitled to challenge a claim by the commission that his records are not sufficiently revealing, we think the plaintiff here has no standing to assert the imprecision of the record-keeping requirement. Fraudulent records can in no way comply with the statute, and a plaintiff who compiles and produces such records, "a so called hard-core violator," is not entitled to take advantage of any uncertainty in the provision. *Commonwealth* v. *Bohmer,* 374 Mass. 368, 371 n.6 (1978). *Commonwealth* v. *Guest,* 12 Mass. App. Ct. 941 (1981). The commission would be well advised, however, to issue regulations setting forth the information required and the length of time records should be held.

2. *Violation of § 25.* In its statement of reasons, the commission found the plaintiff had violated § 25. No findings, however, relate to that charge. From the comments of the chairman during the hearing, it

may be inferred that the commission considered any creditor-debtor relationship between a wholesaler and a retailer, even concerning matters other than liquor, to be proscribed by § 25. See *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.*, 309 Mass. 519, 521 (1941). What is unclear, however, is what time period between sale and payment creates a prohibited creditor-debtor relationship (the chairman indicated that there would be no problem with thirty days), and whether an agreement as to credit is necessary or whether mere late payment by a retailer creates an improper relationship. Moreover, the commission's statement does not indicate which transactions of the plaintiff were found to be § 25 violations. *Charlesbank Restaurant, Inc.* v. *Alcoholic Beverages Control Commn.*, 12 Mass. App. Ct. 879 (1981). The commission thus failed, as required by c. 30A, § 11(8), inserted by St. 1954, c. 681, § 1, to determine "each issue of fact or law necessary to the decision," and, as a consequence, we cannot determine whether the commission's conclusions were warranted. Since the matter must be remanded to the commission, we need not decide whether, as the plaintiff claims, the sanction imposed by the commission for the § 25 violation was prohibited. See *Griffin's Brant Rock Package Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 12 Mass. App. Ct. 768, 774 (1981).

3. *Violation of § 63A.* Section 63A, as appearing in St. 1943, c. 542, § 16, is transgressed when a person "hinders or delays any authorized investigator . . . in the performance of his duties . . . or . . . refuses to give to such investigator . . . such information as may be required for the proper enforcement of this chapter." Although one also may not "refuse[] to admit . . . or lock[] out" any inspector under § 63A, we reject the plaintiff's contention that the provision is confined to a refusal of entry to premises. Since the findings referred to in part 1 of this opinion show that the plaintiff hindered the investigators in the performance of their duties, such findings are sufficient to establish a violation of § 63A.

4. *Remedy.* In its decision, the commission suspended the plaintiff's license for one day for violation of § 18, two days for violation of § 63A, and three days for violation of § 25. The judgment insofar as it affirms the commission's decision imposing penalties for violations of §§ 18 and 63A is affirmed. That portion of the judgment which affirms the commission's decision and penalty imposed for violation of § 25 is vacated, and an order is to enter remanding the case to the commission for findings and rulings in compliance with G. L. c. 30A, § 11(8). In its discretion, the commission may proceed on the basis of the evidence presented at the earlier hearing, or it may rehear the case insofar as a violation of § 25 is alleged. See *Charlesbank Restaurant, Inc.* v. *Alcoholic Beverages Control Commn.*, 12 Mass. App. Ct. at 882.

*So ordered.*

*Howard M. Miller* for the plaintiff.
*Charles E. Walker, Jr.*, Assistant Attorney General, for the defendant.