TOWN OF EAST LONGMEADOW *vs.* STATE ADVISORY COMMISSION. December 8, 1983. *Practice, Civil,* Interlocutory appeal. *Administrative Law,* Exhaustion of remedies, Judicial review.

J.C., an eleven year old male in 1982, is a severely handicapped child having special educational needs of a type discussed in G. L. c. 71B, inserted by St. 1972, c. 766, § 11. East Longmeadow (the town) proposed

an Individualized Educational Plan (I.E.P.) for J.C. under which he was to attend a program at Hampshire Educational Collaborative (HEC) for the school year 1981-1982. J.C.'s parents (the parents) rejected this plan and appealed to the Bureau of Special Education Appeals (BSEA) of the Department of Education (the agency). The BSEA, on March 23, 1981, sustained the town's proposed I.E.P. The parents appealed to the State Advisory Commission (SAC), the agency's appellate body. See the procedures discussed in 603 Code Mass. Regs. §§ 402.0 to 411.0 (1979).

The SAC, on June 8, 1982, tentatively affirmed the BSEA's decision. After receiving briefs and after a further review of the record, however, the SAC reversed the BSEA's decision and, on July 13, 1982, remanded the matter to the BSEA for further hearings to determine "in the light of this *final decision*" (emphasis supplied) what would be "the least restrictive and appropriate program and placement" for J.C. The SAC found that J.C. "did not make sufficient progress at" the HEC and that the I.E.P. proposed by the town was "not adequate and appropriate." It appears from the record that J.C. had been evaluated by, or placed in, a residential school in Scottsdale, Arizona, where (so it is contended) he had made significant progress. The record, however, does not disclose to what extent this experience may have influenced the SAC remand.

Perhaps misled by the SAC's incorrect reference to its "final decision," the town sought in the Superior Court (under G. L. c. 30A, § 14) judicial review of the SAC decision of July 13, 1982. The SAC filed a motion to dismiss the town's proceeding because of the failure to exhaust administrative remedies and the absence of a final administrative decision.

A Superior Court judge correctly dismissed the town's action without prejudice. The SAC's "final decision" was in its very nature not final, no matter what the SAC called it. See *Marlborough Hospital* v. *Commissioner of Public Welfare,* 346 Mass. 737, 738 (1964). An administrative order requiring a subordinate administrative body to reconsider its order is neither final nor appealable. See *Politano* v. *Selectmen of Nahant,* 12 Mass. App. Ct. 738, 740 (1981). We were told at the arguments that J.C. for the now current school year has been placed in a program which is satisfactory to the town and to the parents, so no special urgency necessitates any judicial effort to expedite dilatory administrative action for J.C.'s benefit. Thus the case is one for application of usual principles requiring judicial review only of final administrative decisions, exhaustion of administrative remedies, and deference to primary administrative jurisdiction. G. L. c. 30A, § 14(1). *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 444, 448-452 (1973). Compare *J. & J. Enterprises* v. *Martignetti,* 369 Mass. 535, 539-541 (1976). Declaratory relief sought by the town should not be granted until the administrative procedure has been exhausted. See *Gallo* v. *Division of Water Pollution Control,* 374 Mass. 278, 287-292 (1978). The appeal to

this court also fails. See *Atkinson's, Inc.* v. *Alcoholic Bev. Control Commn.*, 15 Mass. App. Ct. 325, 327-330 (1983). On this record, the town's resort to the courts has been premature.

We are informed that other litigation involving the town and the parents is pending. This litigation is said to deal, among other issues, with whether the parents are entitled to reimbursement of expenses incurred by them in obtaining treatment for J.C. in Arizona. We, of course, express no views with respect to those issues which are not before us.

*Judgment affirmed.*

*Joseph R. Jennings* for the plaintiff.
*Despena F. Billings,* Assistant Attorney General, for the defendant.