Houston, J.

INTRODUCTION

The plaintiff, Richard J. Curry (Curry), filed the underlying action to recover for personal injuries Curry allegedly suffered when a vehicle driven by Orfanidis struck the bicycle on which Curiy was riding. Due to Curry’s alleged injuries, he lost a substantial amount of time from work. Curry’s employer, the City of Waltham (the City), paid Curry compensation for each of the days he missed work.
The City intervened in the action to assert its subrogation rights with respect to any recovery Curry obtained in his action against Orfanidis. In addition, Local 866 of the International Association of Fire Fighters (the Union) intervened to assert its claim that the City’s claim violated the collective bargaining agreement between the Union and the City.
Acting on summary judgment motions from all parties, Judge McHugh found in part that the Union had no viable claim to assert in the action and granted the City’s motion for summary judgment. 11 Mass. L. Rprt. No. 7, 153 (March 20, 2000). Judge McHugh denied the Union’s motion for reconsideration on February 22, 2000.
The Union filed a grievance under the applicable collective bargaining agreement between the Union and the City and a charge of prohibited practice with the Massachusetts Labor Relations Commission.
The City now moves for separate entry of final judgment against the Union, consistent with Judge McHugh’s order on summary judgment. The Union opposes this motion, arguing the entry of separate and *411 final judgment is inappropriate because the City has failed to demonstrate unusual or compelling circumstances to justify such a judgment. In addition, the Union maintains that the defensive use of issue preclusion and res judicata would not be available tó the City because there has been no actual litigation of issues raised by the Union by way of Judge McHugh’s determination. For the following reasons, the City’s motion is DENIED.

DISCUSSION

Pursuant to Rule 54(b) of the Massachusetts Rules of Civil Procedure, this Court may direct the entry of separate and final judgment upon a claim after the “express determination that there is no just reason for delay and upon an express direction for entry of judgment.’’ When applying Rule 54(b), this Court must “bear in mind the rule’s underlying purpose of balancing the need for immediate review, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment . . . against the appellate courts’ ‘traditional abhorrence of piecemeal appellate review.’ ” Long v. Wickett, 50 Mass.App.Ct. 380, 387 (2000) (quoting Atkinson’s Inc. v. Alcoholic Bevs. Control Comm’n, 15 Mass.App.Ct. 325, 327 (1983)).
After a hearing and review of the parties’ submissions, the Court finds that the interests of justice will not be served by entering separate and final judgment on the Union’s claim. The Court finds that this motion is not supported by a sufficient basis for this Court to employ the narrow exception created by Rule 54(b). Accordingly, the City’s motion for separate entry of final judgment is DENIED.

ORDER

It is hereby ORDERED that intervenor plaintiff City of Waltham’s motion for separate entry of final judgment be and hereby is DENIED.