Houston, J.
The plaintiff, Signature Financial Group, Inc. (“Signature”), has brought suit against the defendant, Philip Coolidge (“Coolidge”), seeking to collect on a promissory note, a demand note and salary advances made to Coolidge while he was the Chief Executive Officer (“CEO”) of Signature. Coolidge has counterclaimed against the plaintiff and counterclaim defendants, Linwood Downs, Leeds Hackett and Ronald Brackett,[2] alleging breach of contract (Count I), breach of fiduciary duty (Count II), abuse of process (Count ID), violation of G.L.c. 93A (Count IV), and interference with a prospective contract (Count V). On October 29, 2002, the court (Murphy, J.) granted partial summary judgment for the plaintiff on its demand note claim, denied the defendant’s cross motion for summary judgment and granted the counterclaim defendants’ motion to dismiss Counts II-V of the defendant’s counterclaim. The plaintiff now moves the court, pursuant to Mass.R.Civ.P. 54(b), to enter a *179 separate and final judgment on the court’s order granting partial summary judgment on the plaintiffs demand note claim. For the reasons set forth below, the plaintiffs motion is DENIED.
BACKGROUND
The defendant, Coolidge, is a former CEO and member of the board of directors for the plaintiff, Signature, a mutual fund business. On April 3, 2002, Signature filed this complaint alleging breach of contract (Count I) and accounts annexed (Count II). In its verified complaint the plaintiff alleged three separate breaches of contract. First, Signature alleged that on December 7, 1988 it entered into a Stock Subscription Promissory Note with Coolidge in the amount of $122,400 with an annual twelve percent interest rate. Signature claimed that although Coolidge had paid some of the note, he still owed $93,501 in principal and interest. Second, Signature asserted that on April 1, 1995 it entered into a Credit Agreement and Demand Note with Coolidge in the amount of $200,000 with no interest. Signature alleged that Coolidge has failed to pay any portion of this note. Third, Signature claimed that pursuant to an agreement with Coolidge, Signature paid life insurance premiums for Coolidge in the amount of $78,664 and paid Coolidge $56,000 in salary advances.
On May 8, 2002, Coolidge filed his answer and five-count counterclaim. As defenses to Signature’s complaint, Coolidge asserted that the plaintiff acted ultra vires by initiating the litigation without the board’s approval, that Signature’s breach of contract claim on the December 7, 1988 promissory note was time barred, and that Signature’s remaining claims were not debts because they were intended to act as compensation substitutes. Count I of Coolidge’s counterclaim alleged between approximately $325,000 and $400,950 in damages as a result of Signature’s failure to pay Coolidge accrued vacation, personal expenses incurred and severance. Counts II-V alleged that Signature initiated this litigation to prevent Coolidge from refinancing his home and using that money to infuse some capital into the struggling business.
On July 16, 2002, Signature filed a partial motion for summary judgment on its demand note claim. Coolidge cross-moved for summary judgment. On October 29, 2002, the court (Murphy, J.), without a statement of reasons, granted Signature’s motion and denied Coolidge’s cross motion.
DISCUSSION
Massachusetts Rule of Civil Procedure 54(b) provides, in pertinent part,
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
“The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until the final adjudication of the entire case by making an immediate appeal available.” Long v. Wickett, 50 Mass.App.Ct. 380, 384 n. 5 (2000), quoting 10 Wright, Miller & Kane, Federal Practice and Procedure 2654, at 33 (1998). It attempts to balance Massachusetts’ “bedrock policy against premature and piecemeal appeals” with “the need for prompt appellate review to avoid delay and resulting injustice.” Long, 50 Mass.App.Ct. at 384 n. 5, 388.
Certification under Rule 54(b) is an “infrequent” exception that “should be used only ‘in the infrequent harsh case.’ ” Id. at 388-89, quoting Panichella v. Pennsylvania R.R. Co., 252 F.2d, 452, 455 (3rd Cir. 1958). The court should not grant certifications “routinely or as a courtesy or accommodation to counsel.” Id. at 389. In order to certify under Rule 54(b), “(1) the action must involve multiple claims or multiple parties ; (2) there must be a final adjudication as to at least one, but fewer than all, of the claims or parties; (3) there must be an express finding that there is no just reason for delaying the appeal until the remainder of the case is resolved; and (4) there must be an express direction of the entry of judgment.” Id. at 385-86. Although the first two requirements have been met,[3] the court concludes that the plaintiff has failed to show that this case is the infrequent harsh case where the court should deviate from its bedrock policy of avoiding piecemeal appeals.
The determination of the presence or absence of a just reason for the delay in taking an appeal is left to the sound discretion of the trial judge. See id. at 386. In exercising that discretion the court must look at the facts closely “to ensure that allowing an appeal will not wrongly fragment the case” and must examine whether granting certification “will advance the interests of judicial administration and public policy.” Id. at 395. The court may look at the following factors: “(1) the relationship between the adjudicated and un-adjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.” Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3rd Cir. 1975). The plaintiff claims that a delay in allowing the appeal of the court’s order granting partial summary judgment will cause it hardship because the plaintiff is insolvent and would not *180 be able to use the money to help revive its business. The plaintiff further claims that the court should grant certification because the issues involving the demand note are distinct from the other issues in the case. Despite these claims, the court concludes that other factors do not weigh in favor of certification.
The court should exercise special care when the defendant asserts a counterclaim. See High-Tech Sales, Inc. v. Olektron Corp., 31 Mass.App.Ct. 912, 913 (1991), citing Acme Engineering & Manufacturing Corp. v. Airadyne Co., Inc., 9 Mass.App.Ct. 762, 764-65 (1980). The presence of a counterclaim seeking a set-off is one factor weighing against the granting of certification. See Allis-Chalmers, 521 F.2d at 366. The orders entered on October 29, 2002 did not affect the defendant’s counterclaim for breach of contract. That claim alleges damages between approximately $325,000 to $400,950. The defendant’s counterclaim, if proven, would completely offset the plaintiffs claim under the $200,000 demand note.[4] It is undesirable to have Coolidge pay over the $200,000 only to be reimbursed if he prevailed on his counterclaim. See id.
Additionally, an appeal might be mooted if the defendant wins his counterclaim. “Among the most significant factors to be considered in deciding if there is no just reason for delaying the appeal ... is ‘the possibility that the need for [rule 54(b)] review might ... be mooted by future developments in the [trial] court.’ ” Long, 50 Mass.App.Ct. at 397-98, quoting Allis-Chalmers, 521 F.2d at 364. If the defendant’s counterclaims cancel out the plaintiffs claims or if the defendant receives a greater sum of damages than the plaintiff, the defendant may find it in his best interest not to appeal the order granting partial summary judgment.
Furthermore, a prime factor for the court to consider is whether allowing the appeal will facilitate the administration of justice. See Long, 50 Mass.App.Ct. at 396. The plaintiff does not point to any reason of judicial economy to justify entering a separate and final judgment and the court concludes that an appeal would not “simplify, shorten or expedite the trial of any of the other claims . . .” J.B.L. Construction Co., Inc. v. Lincoln Homes Corp., 9 Mass.App.Ct. 250, 252 (1980). Since the adjudication of the remaining claims might result in an offsetting of the plaintiffs claims or mooting of the need for an appeal, and granting an appeal would not simplify, shorten or expedite the trial of the remaining claims, the court concludes that there is just cause for the delay of an appeal. This case does not present a case for a departure from the “traditional abhorrence of piecemeal appellate review.” Long, 50 Mass.App.Ct. at 387, quoting Atkinson’s Inc. v. Alcoholic Beverages Control Commission, 15 Mass.App.Ct. 325, 327 (1983). The plaintiffs motion, therefore, is denied.
ORDER
For all of the reasons set forth above, the plaintiffs motion for entry of separate and final judgment on the court’s order granting partial summary judgment is DENIED.

 Linwood Downs and Leeds Hackett are shareholders and members of Signature’s board of directors. Ronald Brackett is a shareholder of Signature.

 On October 29,2002, the court granted partial summary judgment on only that part of the plaintiffs breach of contract claim relating to the April 1, 1995 demand note. Each of the plaintiffs breach of contract claims were based on independent and distinct contracts. Since the plaintiffs demand note claim does not arise out of the same set of facts as the other alleged debts, the demand note claim is a separate claim. Id. at 392.

 At this early stage of the litigation, it is unclear if Coolidge’s counterclaim is frivolous. Cf. United States Trust Company of New York v. Herriott, 10 Mass.App.Ct. 313, 322-23 (1980) (finding that the judge did not abuse his discretion in ordering the entry of judgment where the counterclaims were factually and legally distinct and where nothing had been presented to demonstrate that the counterclaims had merit); Acme, 9 Mass.App.Ct. at 765 (holding that the judge did not abuse his discretion in concluding that there was no just reason for delay in allowing an appeal because the evidence supporting the defendant’s potentially offsetting counterclaim was marginal at best and the legal interest recoverable for further delay was markedly incommensurate with the prevailing interest rates).