ANTONIO SOUSA & another *vs.* JOHN K. DAVENPORT, trustee, & others. February 28, 1975. This is a defamation action consisting of three counts in libel and one (count 4) in slander. On June 27, 1974, the judge sustained the defendants' demurrer to the declaration as a whole and to each count separately and on July 9 dismissed the action. 1. The demurrer was properly sustained as to the libel counts. The words alleged "cannot be reasonably understood in a defamatory sense." *Muchnick* v. *Post Publishing Co.* 332 Mass. 304, 305 (1955). In particular, we are directed to no authority which supports the proposition that allegations simply of an individual's poverty or unemployment are actionable. 2. The count in slander alleges the use of words which impute a crime (G. L. c. 272, § 18) and thus are defamatory per se. *Miller* v. *Parish,* 8 Pick. 384 (1829). *Brown* v. *Nickerson,* 5 Gray 1 (1855). See *Lynch* v. *Lyons,* 303 Mass. 116, 118-119 (1939), and *Stone* v. *Essex County Newspapers,* 365 Mass. 246, 249-250 (1974). No formal defect is specifically pointed out. G. L. c. 231, § 18, as in effect prior to St. 1973, c. 1114, § 160. There was error in sustaining the demurrer to that count. 3. The judge was warranted in making his implied finding that the refusal by the plaintiffs' attorney to permit one of the plaintiffs to answer certain questions material to the slander count was without substantial justification in the absence of a proper invocation of privilege by the plaintiffs. The award of reasonable expenses caused by the additional deposition hearing and of a counsel fee of $50 was warranted under the third sentence of § 8(a) of Rule 3:15 of the Supreme Judicial Court, 351 Mass. 810 (1967). See Mass.R.Civ.P. 37(4), 365 Mass. 798 (1974). See also *Hulvat* v. *Royal Indem. Co.* 277 F. Supp. 769, 771 (E. D. Wis. 1967). 4. The libel counts were properly dismissed with prejudice. That the words published are as matter of law not defamatory is an adjudication on the merits. See Mass.R.Civ.P. 41(b)(3), 365 Mass. 805 (1974), and *Marshall* v. *National Police Gazette Corp.* 195 F. 2d 993, 995 (8th Cir. 1952). Cf. *Sullivan* v. *Farr,* 2 Mass. App. Ct. 815 (1974). The order under Rule 3:15 is affirmed. The order sustaining the demurrer and the dismissal of the action are affirmed as to counts 1, 2, and 3 but are reversed as to count 4. The case is to stand for trial on count 4.

*So ordered.*

*Armand Fernandes, Jr.,* for the plaintiffs.
*Stanley M. Epstein (David W. Pyne* with him) for the defendants.