ACME ENGINEERING & MANUFACTURING CORP. *vs.*
AIRADYNE COMPANY, INC.

Suffolk.   April 16, 1980. — May 22, 1980.

Present: ARMSTRONG, PERRETTA, & KASS, JJ.

*Practice, Civil,* Summary judgment, Counterclaim, Judgment.

In an action by a plaintiff for goods sold and delivered to the defendant,
    the judge correctly ruled that the defendant's counterclaim which
    alleged interference with contractual relations was not a defense to the
    plaintiff's claim but was a wholly independent claim, and, where such
    contested issues of fact as were shown by supporting documents related
    solely to the counterclaim, the judge did not err in allowing partial
    summary judgment for the plaintiff on its claim.  [763-764]
Upon the allowance of a partial summary judgment for the plaintiff in a
    civil action, the judge did not err in concluding that there was no just
    reason for delay pursuant to Mass.R.Civ.P. 54(b) and in directing the
    entry of judgment on the plaintiff's claim where he was warranted in
    finding that the defendant's counterclaim was wholly unrelated to the
    plaintiff's claim, that the evidence supporting the counterclaim was
    marginal at best, and that the likelihood of recovery on the counter-
    claim was speculative.  [764-765]

CIVIL ACTION commenced in the Municipal Court of the
City of Boston on August 17, 1976.

On removal to the Superior Court the case was heard by
*Sullivan,* J., on a motion for partial summary judgment.

*Jack J. Mikels* for the plaintiff.

*Paul S. Samson,* for the defendant, submitted a brief.

ARMSTRONG, J.   The defendant (Airadyne), which had
been a sales representative or distributor for the plaintiff's
(Acme's) fans and ventilation products for twelve years until
it was terminated in August, 1975, appeals from a judgment
entered under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974),
following the court's allowance of partial summary judg-
ment for Acme under Mass.R.Civ.P. 56(a), 365 Mass. 824

(1974). Acme's claim, which was the subject of the judgment, was for goods sold to Airadyne and delivered to Airadyne's customers between the dates of September 26, 1975, and January 14, 1976, after Airadyne's distributorship had been terminated. The answers to interrogatories, depositions, and affidavits established that the goods had been delivered, that they were sold for prices fixed in advance, and that Airadyne's obligation to pay those prices was unconditional. A special master recommended that Acme be awarded the total, $27,625.54, less $350.00 in back charges for defects which Acme did not contest; and both the special master's recommendation and the ensuing partial judgment recited that there was "no just reason for delay" (Mass.R. Civ.P. 54[b]) in entering judgment for that amount.

Reserved for trial on the merits was Airadyne's counterclaim against Acme, which alleged that Acme had induced one of Airadyne's employees, one O'Brien, to leave Airadyne's employ and set up a competing distributorship; that Acme had made O'Brien its sales representative in the territory formerly covered by Airadyne; that O'Brien, with Acme's knowledge and participation, had attached certain of Airadyne's accounts receivable and otherwise engaged in activities intended to damage Airadyne's business and to interfere with its contractual relationships; and that Airadyne had suffered damages in consequence thereof.[1] Despite Airadyne's somewhat vague argument that a de facto principal-agent relationship existed between Acme and Airadyne through early 1976 and that Acme's claim against it and its claim against Acme are related facets of a single accounting between them on the occasion of the termination of the agency relationship, we think that the judge was clearly correct in ruling that Airadyne's allegations were not a defense to Acme's claim, but were instead a wholly inde-

---

[1] In an affidavit opposing Acme's motion for summary judgment Airadyne's president also asserted that those acts violated Acme's duty of good faith under G. L. c. 106, §§ 1-203 and 2-311, and constituted unfair trade practices in violation of G. L. c. 93A, § 11.

pendent claim, related to Acme's claim only in that it offered a possibility of an offset. There was no error in allowing the motion for summary judgment on Acme's claim; such contested issues of fact as were shown by the supporting documents related solely to Airadyne's counterclaim.

The question remains whether the court erred in determining that there was no just reason for delay in the entry of judgment on Acme's claim and in directing the entry of judgment accordingly. Absent a certificate conforming to the requirements of rule 54(b), an order for partial summary judgment is not a judgment, but merely an order for judgment, interlocutory in nature, subject to revision at any time by the trial court prior to the entry of a judgment disposing of all claims against all parties to the action. *Garbose* v. *George A. Giles Co.*, 183 F.2d 513, 515 (1st Cir. 1950). *Sullivan* v. *Delaware River Port Authy.*, 407 F.2d 58 (3d Cir. 1969). 6 Moore's Federal Practice par. 54.40 at 681-682 (1976).

The entry of such a certificate presents a matter for the trial court's discretion. *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, *ante* 250, 252 (1980). The exercise of that discretion is subject to appellate review. *Id.*, citing *Sears Roebuck & Co.* v. *Mackey*, 351 U.S. 427, 436, 437 (1956). Such a certificate should not be entered "routinely or as a courtesy or accommodation to counsel." *Panichella* v. *Pennsylvania R.R.*, 252 F.2d 452, 455 (3d Cir. 1958). It should be entered only where delay poses a "danger of hardship or injustice." *Campbell* v. *Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968). The preferred practice is to withhold judgment until all claims have been disposed of, and the judge should state his reasons for concluding that hardship or injustice will result if judgment is delayed as to one of several claims in the same action. *J.B.L. Constr. Co.* v. *Lincoln Homes, supra* at 253, and cases cited.

Airadyne's counterclaim was permissive, not compulsory; that is, it did not arise from the transactions which were the subject of Acme's claim. Mass.R.Civ.P. 13(a) and (b), 365 Mass. 758 (1974). By itself, that factor is not decisive: "[a

trial] court's discretion in entering a 54 (b) certificate where a counterclaim is involved should be exercised with special care." 6 Moore, par. 54.35[1], at 585, and cases cited in nn. 13 and 15-17, at 584 and 585. However, we are not able to say that the judge abused his discretion in directing the entry of judgment forthwith in the present case. The record lays out in some detail the evidence to be adduced in support of the Airadyne's counterclaim. (Acme had moved for summary judgment in its favor not only on its claim but also on Airadyne's counterclaim.) The judge could properly conclude that Airadyne's counterclaim had the earmarks of an afterthought, conceived in response to Acme's collection action, that the evidence supporting Airadyne's claim was, objectively evaluated, marginal at best, that the contrary evidence was strong and well corroborated, and that the likelihood of recovery on the counterclaim was therefore speculative. It is permissible for the judge to take such factors into account in determining whether to certify under rule 54 (b), *Allis-Chalmers Corp.* v. *Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975); and it may be especially appropriate to do so at a time when the legal interest recoverable by Acme for further delay in collecting its money is markedly incommensurate with the interest rates prevailing in the marketplace. *Curtiss-Wright Corp.* v. *General Elec. Co.*, 446 U.S. 1, 11 (1980).

*Judgment affirmed.*