RICHARD N. CARLSON & another[1] *vs.* BOARD OF ASSESSORS OF TOPSFIELD. June 6, 1983. *Taxation,* Appellate Tax Board: informal procedure.

The appellants challenged the assessed valuation of their residence applicable for the fiscal years 1980 and 1981 by appeals to the Appellate Tax Board (board) under the informal procedure provided for in G. L. c. 58A, § 7A. The board decided against the appellants. The informal procedure requires the appellants to file "a written waiver of the right to appeal to the supreme judicial court, except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board." G. L. c. 58A, § 7A, as amended. There was neither an "agreed statement of facts" nor a "report of the board." Thus, the only issues that can properly be before us are "questions of law raised by the pleadings." Under the informal procedure, there is no occasion to settle and approve a statement of the evidence under Mass. R. A. P. 8(c), as appearing in 378 Mass. 924 (1979).

In the earlier of the two appeals, the appellants were allowed to amend their statement under the informal procedure, claiming overvaluation, to include a claim that the property was "disproportionately valued." The amended statement alleged that "[t]he disproportion arises because, as a general rule, and in accordance with the practice of the Board of Assessors the Topsfield residential properties are assessed on their full, fair cash values as of January 1, 1976. The property in question is assessed as of January 1, 1977." Although the statement under the informal procedure for the second year involved in this appeal is not in the record, we shall assume that the amendment, which was allowed after the second appeal to the board was filed, applies to both years.

The assessors were not obliged to file an answer if they intended "to offer no other defense than that the property was not overvalued or that the property was not improperly classified." G. L. c. 58A, § 7A. The assessors filed no answer. Rule 12 of the Rules of the Appellate Tax Board (1972), provides that "if no answer is filed in such a case the allegation of overvaluation shall be held to be denied and all other material facts alleged in the . . . statement admitted." The allegation of disproportionate assessment is not an allegation of fact. It is a conclusion of law, and thus was not admitted by the assessors' failure to file an answer. The factual

---

[1] Priscilla T. Carlson.

allegation that, generally, residential properties were assessed as of January 1, 1976, and the appellants' property was assessed as of January 1, 1977, may be taken to have been admitted. However, these facts standing alone do not raise a question of law. They do not warrant an inference that there is a discriminatory scheme of disproportionate assessment.

There is, therefore, no question of law raised by the pleadings. On the record, there is nothing for us to review. *Boston Better Business Mach. Co.* v. *Assessors of Boston,* 387 Mass. 1006 (1982). The board is not obliged to issue findings of fact in appeals under G. L. c. 58A, § 7A. The decisions of the Appellate Tax Board are affirmed.

*So ordered.*

*Priscilla T. Carlson,* pro se.
*Paul L. Kenny* for the defendant.