HIGH-TECH SALES, INC. *vs.* OLEKTRON CORP. No. 89-P-1244. August 14, 1991. *Contract*, Construction of contract, Performance and breach. *Practice, Civil*, Judgment, Appeal, Findings by judge.

In 1982, the parties agreed in writing that the plaintiff would sell, on commission, certain of the defendant's products in a defined territory. Their agreement excluded from the commission arrangement any "House Accounts" set forth in an appended exhibit. The agreement provided that " 'House Accounts' as established, shall be by amendment of [the exhibit] and the additions or deletions can be made by written notice." The agreement was to remain in force until termination by either party upon written notice to the other. The defendant could effect an immediate termination if the plaintiff violated any provision of the agreement; otherwise, the defendant was required to give minimum notice of termination equal to one month for each year that the plaintiff had represented the defendant (with a limit of twelve months' notice). By letter dated April 3, 1984, the defendant unilaterally purported to establish two of the plaintiff's major customers as "House Accounts." In August of 1984, the defendant gave written notice of termination to the plaintiff.

The plaintiff brought a complaint containing five counts and the defendant responded with a seven-count counterclaim. The plaintiff then moved

for "partial summary judgment" on the first three counts of its complaint which sought respectively: (1) a declaration that the defendant could not establish house accounts without the plaintiff's assent, (2) damages due to insufficient notice of termination, and (3) damages for violation of an implied covenant of good faith and fair dealing. The judge allowed the motion only as to the first count. Upon the defendant's motion pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), a separate judgment was "expressly directed" and entered as to the first count, together with a finding that there was no just reason for delay.

The plaintiff is entitled to the declaration it sought in its first count. The original listing of house accounts set forth in the exhibit could be established only by agreement of the parties. To allow the defendant unilaterally to augment that list by adding accounts being serviced by the plaintiff is to permit it to undermine its agreement to the point of rendering it a nullity. Such a construction would be inconsistent with the agreement provision that it "may be modified or amended only by the written agreement of all parties," and it also would run counter to "[j]ustice, common sense and the probable intention of the parties," *Stop & Shop, Inc.* v. *Ganem*, 347 Mass. 697, 701 (1964), and our obligation to give the agreement effect "as a rational business instrument." *Shane* v. *Winter Hill Fed. Sav. & Loan Assn.*, 397 Mass. 479, 483 (1986). *Fay, Spofford & Thorndike, Inc.* v. *Massachusetts Port Authy.*, 7 Mass. App. Ct. 336, 343-344 (1979). See *Keating* v. *Stadium Mgmt. Corp.*, 24 Mass. App. Ct. 246, 252 (1987).

We note the absence in the record of express findings setting forth the judge's reasons for his certification that there was no just reason for delay. Although it has been held that specific findings are not required in the case of a separate judgment of dismissal entered against one of two defendants where "[t]he reasons for the judge's determination . . . are clear," *Dattoli* v. *Hale Hosp.*, 400 Mass. 175, 176 (1987), those circumstances are not present here. The judgment neither lets a party out of the litigation (*ibid.*) nor significantly affects the issues remaining for trial. See *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 252-253 (1980). We discern no economy achieved or hardship avoided by the judge's certification. *Ibid. Paris* v. *Snappy Car Rental, Inc.*, 18 Mass. App. Ct. 968 (1984). See Smith & Zobel, Rules Practice § 54.6 (1977 & Supp. 1991). Also, we are unable to determine whether the special care called for by the presence of a counterclaim has been exercised. *Acme Engr. & Mfg. Corp.* v. *Airadyne Co.*, 9 Mass. App. Ct. 762, 765 (1980).

We again emphasize that the preferred practice is that "the judge. . . state his reasons for concluding that hardship or injustice will result if judgment is delayed as to one of several claims in the same action." *Id.* at 764. *J.B.L. Constr. Co., supra* at 253. Compare *Gumer* v. *Shearson, Hammill & Co.*, 516 F.2d 283, 286 (2d Cir. 1974). Moreover, judicial discretion under Mass.R.Civ.P. 54(b) should not be exercised "routinely or as a courtesy or accommodation to counsel." *Acme Engr., supra* at 764, quot-

ing from *Panichella* v. *Pennsylvania R.R.*, 252 F.2d 452, 455 (3d Cir. 1958).

The failure to make explanatory findings can result in dismissal of the appeal from a separate judgment. *J.B.L. Constr. Co.*, *supra* at 253. However, since the issue was not argued to us, and since, in the circumstances, no economy will be achieved by a dismissal, we refrain from restoring the order allowing the motion for partial summary judgment to its interlocutory status. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and Mass.R.Civ.P. 54(b), second sentence.

*Judgment affirmed.*

*Daniel J. Kelly* for the defendant.
*Brian A. Gillis* for the plaintiff.