Doerfer, J.
INTRODUCTION
The plaintiff real estate developers filed the present suit against the Town of Franklin seeking a declaratory judgment that five different development fees charged by the Town — the schools impact fee, the sprinkler/hydrant fee, the sewer system entry fee, the water system entry fee and the lift station donation— are invalid and unenforceable exactions, and further seeking to recover damages in the amount of all invalid fees paid.
In a Memorandum of Decision and Order dated August 8, 1997, this Court granted the plaintiffs’ motion for partial summary judgment with respect to the schools impact fee and entered a declaration that said fee constitutes an invalid and unauthorized tax [7 Mass. L. Rptr. No. 21, 480 (December 8, 1997)]. This Court concluded that because those residents who pay the schools impact fee do not receive a particularized benefit from the services provided, the expansion of the public school system, the fee fails the three-prong Emerson College test established by the SJC for distinguishing valid user fees from impermissible taxes.
This Court further granted the Town’s motion for partial summary judgment with respect to the sprinkler/hydrant fee and entered a declaration that the fee satisfies the Emerson College test for a valid user fee. Finally, this Court denied the Town’s motion for summary judgment with respect to the three remaining fees, the water system entry fee, sewer system entry fee and lift station donation, and granted the plaintiffs additional time to complete discovery pursuant to Mass.R.Civ.P. 56(f). The discovery deadline in this case is January 22, 1998, while the deadline for Rule 56 motions is March 23, 1998.
This matter is now before the court on the plaintiffs’ motion for entry of separate and final judgment pursuant to Mass.R.Civ.P. 54(b) with respect to the schools impact fee and the sprinkler/hydrant fee. The plaintiffs further move for an order directing the Town to refund all schools impact fees improperly collected to date and ordering the Town to halt any further collection of the schools impact fee pending the outcome of an appeal of this Court’s August 8, 1997 Order. For the reasons discussed below, the plaintiffs’ motion for entry of separate and final judgment is ALLOWED. The plaintiffs’ motion for an injunction enforcing the August 8th order is ALLOWED in part and DENIED in part.
DISCUSSION
I. Entry of Separate and Final Judgment
Massachusetts Rule of Civil Procedure 54(b) provides in relevant part:
When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Mass.R.Civ.P. 54(b).
The grant of a certificate directing entry of final judgment on fewer than all the claims in an action presents a matter for the sound discretion of the trial judge. United States Trust Co. of New York v. Herriott, 10 Mass.App.Ct. 313, 321 (1980). However, judicial discretion under Rule 54(b) should not be exercised routinely or as a courtesy or accommodation to counsel. Acme Engineering & Manufacturing Corp. v. Airadyne Co., Inc., 9 Mass.App.Ct. 762, 765 (1980); United States Trust Co. of New York v. Heriott, supra at 322; High-tech Sales, Inc. v. Olektron Corp., 31 Mass.App.Ct. 912, 913 (1991). Rather, in determining *684 that there is no just reason for delay, the court should consider the possible hardship or injustice to the parties from delay of the partial appeal, the interests of sound judicial administration, and whether appellate resolution of the separated matter will simplify, shorten or expedite trial of any of the remaining claims. Hale Hospital, 400 Mass. 175, 177 (1987); Paris v. Snappy Car Rental, 18 Mass.App.Ct. 968, 968-69 (1984). Accordingly, a.certificate of separate and finaljudgment should be entered only where, after balancing the competing factors, the trial judge can say with assurance based on the facts in the record that finality of judgment should be ordered to advance the interests of sound judicial administration and to prevent the danger of hardship or injustice posed by delay. U.S. Trust Co. of New York v. Herriott, supra at 322.
In the present case, the facts relevant to the schools impact fee and the sprinkler/hydrant fee are separate and distinct from those relevant to the remaining sewer system entry fee, water system entry fee and lift station donation. The analysis of whether the operation of a particular municipal fee meets the Emerson College test is intensely fact specific. Accordingly, there is no substantial overlap between the issues to be decided on appeal and those remaining for trial. See Dattoli v. Hale Hospital, supra at 176. Moreover, the Town’s schools impact fee is different from the typical user fee imposed by municipalities in that it involves the provision of an unique service, public education. The fee thus raises the difficult question of whether a city or town may permissibly impose the cost of educating an expanding populace on some citizens but not others. This Court concludes that the Town’s schools impact fee presents an issue of first impression on a subject of considerable importance to growing municipalities throughout the Commonwealth, warranting an immediate appellate decision on the merits. See Lexington Education Ass’n v. Lexington, 15 Mass.App.Ct. 749, 750-51 n.3, rev. den., 389 Mass. 1004 (1983).
Accordingly, finding no just reason for delay, separate and finaljudgment shall enter in favor of plaintiffs in their declaratory judgment action with respect to the schools impact fee, and separate and final judgment shall enter in favor of the Town in the plaintiffs declaratory judgment action with respect to the sprinkler/hydrant fee.
II. Plaintiffs Request for an Injunction Enforcing this Court’s August 8, 1997 Decision
As of the date of hearing on this motion, the Town of Franklin had collected approximately $875,000 in schools impact fees pursuant to Town Bylaw 95-300 (the Bylaw). Since this Court’s August 8, 1997 Memorandum of Order and Decision deeming the schools impact fee to be invalid, the Town has continued to collect such a fee upon the issuance of a certificate of occupancy, but has placed all sums collected in a separate interest-bearing account. The Town estimates that in the approximately two years required to complete its appeal, 2000 new housing units will be built in Franklin, representing an additional $1.4 million in schools impact fees.
The plaintiffs now seek an order directing the Town to refund all sums illegally collected pursuant to the Bylaw and an injunction halting the further collection of any schools impact fees pending the disposition of the appeal. Alternatively, the plaintiffs request that all sums paid to date be deposited in a separate interest bearing escrow account, with interest running from the date of entry of this Court’s August 8, 1997 Memorandum and Order, and that any further fees imposed pursuant to the Bylaw during the pendency of the appeal be deemed not due and owing unless and until the Town succeeds in reversing this Court’s decision on appeal. The Town contends that an order requiring the return of fees already collected and prohibiting the future collection of an additional 700 anticipated fees pending appeal would impose a severe administrative and economic burden on the Town should the Appeals Court uphold the validity of the schools impact fee.
With respect to the return of the schools impact fees already collected by the Town, this Court’s declaration that said fee operates as an illegal tax implicitly entitles the plaintiffs, and presumably other fee payers as well, to eventual reimbursement of all fees improperly assessed and collected. In seeking summary judgment, the plaintiffs never specifically requested injunctive relief; accordingly, this Court’s August 8, 1997 Order declared the schools impact fee to be illegal but did not direct any action or restraint on the part of the Town. Thus, as matters now stand, once separate and finaljudgment enters for the plaintiffs, they will be in the same position as any other litigant with a judgment in its favor. Massachusetts Rule of Civil Procedure 62(d) provides that “(e)xcept as otherwise provided in these rules, the taking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the appeal.” Mass.R.Civ.P. 62(d). Given the novelty of the question of whether the Town’s schools impact fee meets the Emerson College test for distinguishing a valid user fee from a tax, and the equal balance of harm to the respective parties from the grant or denial of the requested order, this Court concludes that the most appropriate course of action is to maintain the status quo pending appeal. Accordingly, this Court declines at this stage to enter an injunction requiring the Town to disgorge those schools impact fees already collected.
With respect to the Town’s collection of future fees pending the outcome of the appeal, it is clear that in certain circumstances, the Superior Court may enjoin the levy or collection of municipal taxes. Bettigole v. Assessors of Springfield, 343 Mass. 223, 236-38 (1961); Boston Teacher's Union. Local 66 v. Boston, *685 382 Mass. 553, 565 (1981). However, such relief is granted only in exceptional circumstances where all other remedies fail to protect the party seeking the equitable relief. “Injunctions delaying the collection of a tax are not a necessary part of declaratory procedure and caution should be exercised in granting them.” Meenes v. Goldberg, 331 Mass. 688, 691 (1954); Sydney v. Commissioner of Corporations & Taxation, 371 Mass. 289, 294 (1976). Injunctive relief in tax matters should be denied except upon a very clear showing of violation of fundamental constitutional or statutory rights. Bettigole v. Assessors of Springfield, supra at 236; Leto v. Board of Assesors of Wilmington, 348 Mass. 144, 149 (1964). While this Court did indeed conclude that the Town’s imposition of the schools impact fee operates as an illegal tax in violation of the state constitution and the home rule amendment, said fee is nonetheless uniquely different in nature from the typical user fee analyzed in existing precedent. Given the novelty of the legal question in this case and the equal balance of harm to the respective parties from the grant or denial of the requested order, this Court declines to enjoin collection of the schools impact fee pending appeal. In fairness to the plaintiffs, however, this Court will require the Town to segregate all future fees in an interest bearing escrow account, which is not to be drawn upon by the Town for any purpose until this matter has been resolved on appeal.
ORDER
Finding no just reason for delay, it is hereby ORDERED pursuant to Mass.R.Civ.P. 54(b) that a certificate of separate and final judgment shall ENTER in favor of plaintiffs Greater Franklin Developers Association, Inc., Dennis F. Marguerite, Francis A. Molla, John C. Colella, Sean Skahill and Anthony Marinella against the defendants Town of Franklin and the Town Council of the Town of Franklin on their claim for a declaratory judgment concerning the validity of the schools impact fee.
It is hereby ADJUDGED and ORDERED that a declaration enter DECLARING that the schools impact fee, imposed pursuant to Town of Franklin ByLaw 95-300, operates as an illegal tax and is invalid as a matter of law under the Home Rule Amendment to the Massachusetts Declaration of Rights.
Finding no just reason for delay, it is further ORDERED pursuant to Mass.R.Civ.P. 54(b) that a certificate of separate and final judgment shall ENTER in favor of defendants Town of Franklin and the Town Council of the Town of Franklin against plaintiffs Greater Franklin Developers Association, Inc., Dennis F. Marguerite, Francis A. Molla, John C. Colella, Sean Skahill and Anthony Marinella on the plaintiffs’ claim for declaratory judgment concerning the validity of the sprinkler/hydrant fee.
It is hereby ADJUDGED and ORDERED that a declaration enter DECLARING that the sprinkler/hydrant fee, imposed pursuant to Town of Franklin ByLaw 90-181 and Bylaw Amendment 95-285, constitutes a valid user fee and not an improper tax.
Finally, the Town of Franklin and its agents, representatives and employees are hereby ORDERED to deposit all schools impact fees assessed and collected pursuant to Town Bylaw 95-300, from August 8, 1997 until an appellate decision is rendered in this matter, in an interest bearing escrow account segregated from the Town treasury and from all other Town accounts. The Town of Franklin, its agents, representatives and employees are hereby ENJOINED and RESTRAINED from allocating, removing, spending or alienating any and all of the funds in said escrow account until further court order.