Fremont-Smith, J.
PROCEDURAL BACKGROUND
On December 24, 1997, another judge allowed the defendant’s motion for partial summary judgment with respect to most counts of the plaintiffs complaint, but subsequent motions for separate and final judgment with respect to those counts of the complaint, except with respect to Harvard Medical School (which did obtain a separate and final judgment) were denied by him. The trial commenced on January 22, 1999 before me on what was then the only remaining count, for breach of contract, and on February 1, 1999, the jury found the hospital did not breach any contract with the plaintiff, and returned a verdict in the hospital’s favor. Judgment on this jury verdict for defendant was entered by the clerk on March 3, 1999, and notice thereof was sent on that date.
Within the permitted ten days, on March 12, 1999, the plaintiff filed a motion for anew trial. For unknown' reasons, the motion papers were not forwarded to me until November 1999 and on November 15, 1999, I made the following margin order on the motion: “Motion allowed, as the Court agrees with the statements in ¶1 (but not with those in ¶2) of plaintiffs motion. Based on the evidence at trial, there were disputed issues of material fact as to malicious inference and as to defamation, so that partial summary judgment deprived the plaintiff of a fair trial. The trial should proceed on all counts of plaintiffs complaint.”
Defendants Massachusetts General Hospital and Alexander Leaf, M.D., have now moved for reconsideration of that Order.
Although the court agrees with defendants that there was no error during the trial such as would warrant a new trial, it is the rule that, “generally speaking ... a new trial may be granted upon any ground and for any cause where the dictates of justice *703 demands it. Again it has been said that the causes for which a new trial may be granted include any accident, mistake or misfortune in the conduct of the trial which makes a new trial necessary to guard against the failure of justice.” 9A Massachusetts Practice §848 and cases there cited. Davis v. Boston Elevated Railway, 235 Mass. 482, 496 (1920), cf. Commonwealth v. Richardson, 1 Mass.App.Ct. 348, 353 (1973), and Gleason v. Source Perrier, S.A., 28 Mass.App.Ct. 561, 563 (1990). Here, after hearing all of the testimony, this Court came to the firm conviction that the verdict was not supported by credible evidence, but that there had been a miscarriage of justice, not only with respect to the breach of contract count of the complaint which had been tried, but also with respect to the counts for interference with contractual relations and for defamation, which the partial summary judgment had foreclosed the jury from considering and deciding.[1]
Defendants contend that this Court cannot properly consider evidence which was developed at the trial, but should be limited to the earlier summary judgment record in determining whether the partial summary judgment was correct, citing Cullen Enterprises, Inc. v. Massachusetts Property INS Underwriting Association, 399 Mass. 886 (1987). In that case, however, the Court decided only that, on an appeal of a motion for summary judgment, the appellate court’s “reliance on facts not before the motion judge is improper” and that, “In our review of a motion for summary judgment we are confined to an examination of the materials before the Court at the time the rulings were made. Neither the evidence offered subsequently at the trial nor the verdict is relevant.” Id., at 889-90, n.9. The Court in Cullen, however, did not address the question whether a judge of this court, who becomes firmly convinced, on the basis of the trial evidence, that a previously entered partial summary judgment deprived a party of justice, is limited to consideration of only the summary judgment record. Indeed, the fact that an appellate court would be limited to the summary judgment record in any appeal after final judgment in this case is all the more reason that this Court, in order to effectuate justice, should be able to alter the previous interlocutory judgment which the Court, in light of subsequent proof and the demeanor of witnesses at trial, concluded will result in injustice.[2]
Contrary to defendant’s contention, moreover, it is well settled that “although there is no duty to reconsider a case, an issue, or a question of fact or law, once decided, the power to do so remains in the court until final judgment or decree . . . Even without rehearing, a judge may modify a decision already announced, so long as the case has not passed beyond the power of the court ... It is immaterial that the report of the questions arising on the demurrer after the amendment was made by a judge other than the one who overruled the demurrer ... All the judges of the Superior Court have equal powers, and in most matters each is vested with all of the powers of the Court . . . A judge should hesitate to undo his own work . . . Still more should he hesitate to undo the work of another judge . . . but until final judgment as decreed there is no lack of power, and occasionally the power may properly be exercised.” Peterson v. Hopson, 306 Mass. 597, 603-04 (1940); Riley v. Presnell, 409 Mass. 239, 242 (1991). It is also clear that an “order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties,” Rule 54(b), and that “a motion under Rule 59 suspends the finality of the judgment and tolls the time for appeal, see the ’’reporter’s notes" to Rule 59 and cases there cited. See also Acme Engineering & Mfg. Grp. v. Anadyne Co., Inc., 9 Mass.App.Ct. 762, 764 (1989). Accordingly, the judgment entered on Mach 3, 1999 was not final.
The Court did not order a new trial on the earlier-dismissed counts of the complaint lightly, but only after coming to a firm conviction, based on the all the evidence at trial, including the live testimony and demeanor of the witnesses on both direct and cross examination, that manifest justice had not been achieved. The summary judgment judge, on the other hand, had to rely on a paper record consisting only of affidavits, depositions and exhibits. While certainly a judge should “undo the work of another judge” only after great hesitation and only rarely, this judge hopes that any other judge of this Court, under the same circumstances, would exercise his or her power to revise a summary judgment which I might have ordered based upon the paper record before me, were that judge to become firmly convinced, in the course of an actual trial, that my interlocutory decision would otherwise result in injustice to a party.
ORDER
For each of the above reasons, defendant’s motion for reconsideration of the Court’s Order for a new trial on the counts of the complaint which have alleged breach of contract, interference with contractual relations, and defamation, is DENIED.

During trial, plaintiff filed a “motion to reopen her claims against Dr. Alexander Leaf,” which the Court denied in view of defendant’s objection that it was unprepared for trial of those allegations in view of the earlier grant of summary judgment.

To take one example, the summary judgment judge viewed a defamatory letter about the plaintiff from Dr. Leaf to a source of research funding for the plaintiff to be protected by the conditional privilege for communications between a former employer and a prospective new employer of the defamed employee. Based on the trial evidence, however, there was clearly at least a disputed issue of fact as to whether, in the circumstances, Dr. Leafs letter, which was not solicited by any prospective employer, was within the parameters of that conditional privilege.