McCann, John S., J.
On October 5, 2004, Plaintiff Kathleen Hart (Hart) filed this complaint on a promissory note and loan alleging a failure to pay by the defendants, Phillip Stice a/k/a Phillip E. Stice (Stice), named in Count I, Cynthia K. Stice a/k/a Cynthia Stice (Cynthia Stice), named in Count II, and Ironside Technologies, LLC (Ironside), named in Count III. Plaintiffs unopposed Motion for Summary Judgment as to Cynthia Stice (Count II) was allowed by the court on January 12, 2005. Hart now moves for summary judgment pursuant to Mass.R.Civ.P. 56 and entry of separate order and final judgment pursuant to Rule 54(b) as against defendant Stice. In his Memorandum of Opposition, Stice renews a previously denied Motion for Stay of Proceedings, again raising claims of privilege against self-incrimination. For the following reasons, Stice’s Renewed Motion for Stay of Proceedings is DENIED and the Plaintiffs Motion for Summary Judgment as to Phillip Stice is ALLOWED.

PROCEDURAL BACKGROUND AND FACTS

A brief procedural background is provided to assist understanding.
On October 5,2004, along with her Complaint, Hart filed an Ex Parte Motion for Real Estate Attachment of certain property owned by the defendants. The Motion was allowed in the amount of $180,000.00; an order approving the attachment issued the same day. Service was returned on all defendants. Cynthia Stice answered on October 18, 2004, admitting all allegations against her contained in Count II of the Complaint. Cynthia Stice filed a Suggestion of Bankruptcy on February 11, 2005. On November 11, 2004, Hart filed a request upon clerk for default as to defendants Stice and Ironside for failure to make timely answer pursuant to Mass.R.Civ.P. 55(a). Default entered on November 5, 2004. Stice subsequently filed a Motion to Remove Default and a Motion to File Responsive Pleadings Late, both of which were allowed on November 29, 2004.
Stice also filed a Motion for Stay of Proceedings until such time as a criminal investigation pending against him was resolved. He argued: “The basis for the pending criminal investigation involves facts and circumstances which relate generally as well to the facts allegedly (sic) in the instant civil Complaint.” He claimed privilege to any and all demands set forth in the Complaint in this matter. Hart opposed the motion asserting that Stice’s claim for privilege failed to explain how his execution of and default on a promissoiy with Hart was related to a criminal investigation in Norfolk. Hart noted the defendant’s failure to provide a more definite statement of his claim of privilege. This court denied Stice’s Motion for Stay of Proceedings on November 29, 2004.
On January 21, 2005, Stice filed responsive pleadings, neither admitting nor denying the allegations in paragraphs 3 through 6 of Hart’s Complaint, raising the claim of privilege under the Fifth Amendment to the Constitution of the United States. Said paragraphs allege, respectively, that Philip Stice executed the promissoiy note to the plaintiff in the amount of $164,500.00 on June 29, 2004, that he borrowed an additional $5,600.00 from the plaintiff on July 16, 2004, that he only made two partial payments on the loan, and that he is in default on the loan as of October 1, 2004, owing the plaintiff the sum of $172,060.43.
Hart now moves for summary judgment on the grounds that Stice has failed to deny any of the allegations in the Complaint. In support of her motion, Hart submits a copy of the promissory note and a signed affidavit establishing the defendants’ failure to pay. In his opposition to Hart’s Motion for Summary Judgment, Phillip Stice renews his previous Motion to Stay, asserting the Fifth Amendment. Stice submits copies of three indictments alleging that on various dates between March 2002 and November 2002, Stice stole money from the Trustees of Milton Academy. The alleged incidents appear to have occurred in Norfolk County.

*728
DISCUSSION

Summary judgment should be granted when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction. 390 Mass. 419, 422 (1983). The moving party bears the burden of demonstrating the lack of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The opposing party must then establish, by setting forth specific facts with affidavits, deposition testimony, answers to interrogatories or admissions that a genuine issue for trial does exist. Mass.R.Civ.P. 56(e). “If he does not so respond, summary judgment, if appropriate, shall be entered against him.” IcL.
Each motion for summary judgment must be accompanied by a concise statement of material facts, listed by numbered paragraphs. Sup.Ct.R. 9A(b)(5). Any opposition shall include a response using the same numbered paragraphs with references to supportive documentation. Id. Facts not controverted in this manner “shall be deemed to be admitted.” Id.
In the present case, Hart provided an affidavit and supportive documentation restating the factual allegations in Count I of her Complaint against Stice. Thus, the burden switched to Stice to controvert the stated facts.
Stice submits no affidavit;[2] only copies of the Norfolk indictments. Citing United States Trust Company of New York v. Herriott, 10 Mass.App.Ct. 313 (1980), Stice argues this evidence is new, and that it demonstrates he is entitled to invoke his privilege against self-incrimination. The mere “fact that a man is indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter.” Id. at 317, quoting Gordon v. Federal Deposit Insurance Corp., 427 F.2d 578, 580 (D.C.Cir. 1970). Stice gives no explanation why Norfolk Couniy indictments, for alleged conduct that pre-date the allegations in this Complaint, have any relevance to this casé at all. On their face, the indictments appear completely unrelated.
When a party seeks a stay asserting such a privilege, “(t]he judge’s task is to balance any prejudice to the other civil litigants which might result from granting a stay, against the potential harm to the party claiming the privilege if he is compelled to choose between defending the civil action and protecting himself from criminal prosecution.” Id. Mr. Stice provides no evidence of potential harm in responding to this motion for summary judgment. He could have, but chose not to submit an affidavit pursuant to Mass.R.Civ.P. 56(f) explaining with sufficient specificity why he cannot “present by affidavit facts essential to justify his opposition.” Mass.R.Civ.P. 56(f). He made no request of this court to examine any materials in an in camera proceeding; “nor did he seek an order impounding any information he might offer on the merits of the rule 56(a) motion or in support of his assertion of privilege.” Herriott, 10 Mass.App.Ct. at 320.
While a judge may not “turn a deaf ear to a serious claim of privilege,” such claim must, in fact, be serious. Id. at 317-18. This court need not accept Phillip Stice’s “subjective impression that he would be involuntarily compelled to testitfy” against himself if he responded to Hart’s motion. Id. at 319. Moreover, the policy behind Rule 56, to promptly dispose of cases for which there is no real dispute as to material facts, must also be recognized. Id. at 318.
As there is no evidence of harm to Stice, his motion to stay these proceedings is denied. Further, in that he fails to controvert them, the facts as stated in Hart’s Rule 9A statement of facts are deemed admitted. Sup.Ct.R. 9A(b)(5). Therefore, because there is no genuine issue for trial, summary judgment against defendant Stices and in favor of plaintiff Hart is appropriate. Mass.R.Civ.P. 56(e).

ORDER

For the foregoing reasons, it is hereby ORDERED that Defendant Phillip Stice a/k/a Phillip E. Stice’s Renewed Motion for Stay is DENIED. It is further ORDERED that the Plaintiffs Motion for Summary Judgment Against the Defendant Phillip Stice a/k/a Phillip E. Stice is ALLOWÉD.

“The preference for an Affidavit under Mass.R.Civ.P. 56(f) set forth in the Herriott case is acknowledged. However, Mr. Stice would only invoke his privilege and note the fact of his indictment as a changed circumstance, and copies of the indictment are provided.” Def. Mem. in Opp., at 4 n.l.