Ferrara, John S., J.
BACKGROUND
On November 16, 2010, the plaintiff in this action, J&G Foods, Inc., filed a Verified Complaint alleging that the defendant was an employee of plaintiff and that he had embezzled funds and falsified business accounts and records to conceal a protracted larcenous scheme. The plaintiff simultaneously filed motions to attach defendant’s real estate and accounts of defendant with Wells Fargo Advisors and Bank of America. Those motions were allowed on November 23, 2010, without opposition.
On November 23, 2010, the defendant moved to stay the action because of an active criminal investigation, citing his need to assert his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights, and the impediment the exercise of his rights created to defense of the civil action. The motion was supported by an affidavit of counsel, who averred that he was aware of an active criminal investigation based on the execution of a search warrant at defendant’s home and conversations with members of the District Attorney’s Office, and that he was compelled to advise the defendant not to Answer the Complaint or respond to discovery requests. Defendant’s motion was denied without prejudice.
The defendant also moved that date for an extension of time to file an Answer to the Complaint, which was allowed. The defendant was given to February 25, 2011 to Answer.
On December 15, 2010, the plaintiff moved to enjoin the defendant from “selling, assigning, transferring, concealing, impairing or otherwise disposing of . . .” various assets and property, including his ownership interest in Eaton Farms, LP, in Leesport, Pennsylvania, and a Mercedes Benz automobile. That motion was allowed without opposition on December 20,2010.
On February 22, 2011, the defendant filed an Answer and in response to a number of substantive allegations set forth in the Complaint, he asserted his privilege under the Fifth Amendment.
On December 23, 2011, the defendant was indicted in the Worcester Superior Court, charged with two counts of larceny over $250 by scheme, and one count of falsifying or omitting entries in the business records of plaintiff in this action. The defendant was arraigned on January 31, 2012, (Docket No. WOCV2011-01341) and the case remains open. The projected deadline for disposition of the case is October 27, 2012, though it is likely that final disposition in the case may occur on a later date.
On April 11, 2012, the defendant filed a renewed motion to stay this action, noting that he had been served with a motion for summary judgment and that his privilege against self-incrimination would preclude *233 him from effectively opposing same. The plaintiff opposes the motion to stay. A hearing on defendant’s motion was conducted on April 19, 2012.
LEGAL STANDARD
In deciding whether or not to allow a motion to stay a civil action where a defendant might be inhibited in his defense by the perceived need to assert his Fifth Amendment privilege, there is no constitutional requirement that the court stay the litigation. The determination of the presence or absence of a just reason for issuance of a stay is left to the sound discretion of court. “However, it would constitute a clear abuse of discretion for the judge to turn a deaf ear to a serious claim of privilege.” United States Trust Co. of New York v. Herriot et al., 10 Mass.App.Ct. 313, 317 (1980). The rights of the parties in the civil action are to be considered equal, and the court must balance any prejudice to the other civil litigants that might result from granting the stay, against the potential harm to the party claiming the privilege from having to choose between defending the civil action and protecting himself from providing evidence that might be used against him in the criminal prosecution. Id., at 317; Wansong v. Wansong, 395 Mass. 154, 157-58 (1985).
When a request for a stay of a civil action arises where a motion for summary judgment has been filed and the defendant is seeking to delay having to serve an opposition thereto, the policies underlying Rule 56 of the Rules of Civil Procedure must factor into the court’s decision. Id., at 318. Specifically, the Court must be mindful of the Rule’s language that, “judgment sought shall be rendered forthwith if. . . there is no genuine issue as to any material fact. . .”
FINDINGS
The defendant has now been indicted, so exposure to criminal liability cannot be considered a possibility, it is a reality. The instant case is not one involving an action on a promissory note, as in the case of United States Trust Company of New York v. Herriott, supra, where certain materials to be produced or facts to be admitted were not subject to defendant’s Fifth Amendment privilege. In this case, the plaintiff would seek to establish that certain material facts are undisputed, and likely could only do so where those facts are admitted by defendant, or where there is an “admission by silence.”
The defendant notes that the plaintiff has succeeded in attaching many if not all of his available assets and the granting of a stay would not significantly prejudice the plaintiff. The plaintiff does not cite any prejudice in his opposition, other than that of delay. The civil action is now nineteen months old. A delay of an additional six months to await disposition of the criminal case would not appear to significantly harm this defendant. Balancing the prejudice to defendant against the potential harm to the plaintiff from having to choose between defending the civil action and protecting himself from providing evidence that might be used against him in the criminal prosecution, the court finds that a stay of this action is warranted.
ORDER
For the foregoing reasons, therefore, the defendant’s motion for a stay of this action is ALLOWED, and this action shall be stayed for a period of six (6) months, or until there has been a disposition in the criminal case of Commonwealth v. Gary Eaton, Docket No. WOCV2011-01341, whichever occurs soonest.