## O. Ahlborg & Sons, Inc. *vs.* Massachusetts Heavy Industries, Inc.

No. 04-P-608.

Norfolk. February 18, 2005. - January 17, 2006.

Present: Perretta, Lenk, & Doerfer, JJ.

*Contract,* Construction contract, Arbitration. *Arbitration,* Confirmation of award. *Practice, Civil,* Reconsideration, Entry of judgment.

A Superior Court judge acted well within the range of his discretion in deny-
ing the defendant general contractor's motion for reconsideration of the
confirmation of an arbitrator's award in favor of the plaintiff subcontractor,
where the original confirmation reflected no error, and nothing in the
materials presented in conjunction with the motion for reconsideration
required the judge to reconsider the confirmation order [390-391];
moreover, the judge properly allowed the plaintiff's motion pursuant to
Mass.R.Civ.P. 54(b) for the entry and certification of a judgment on the
order confirming the award, where the order constituted a final adjudica-
tion on a claim separate from and independent of the remaining counts
raised by the parties' pleadings, and there was no just reason for delay in
directing that judgment enter on that claim [391-393].

Civil action commenced in the Superior Court Department on September 16, 1999.

The case was heard by *Robert A. Mulligan,* J., and entry of a separate and final judgment was ordered by him.

*Anthony J. Fitzpatrick* for the defendant.

*W. Mark Russo* for the plaintiff.

Perretta, J. Massachusetts Heavy Industries, Inc. (MHI), appeals from the entry of a separate and final judgment entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), on a complaint brought by O. Ahlborg & Sons, Inc. (Ahlborg), seeking confirmation of an arbitrator's award under G. L. c. 251, § 11. MHI argues that because the confirmation order did not resolve with finality a separate and distinct claim, the judge

erred in ordering the entry of a separate and final judgment and that the order sought to be confirmed was not that of an arbitrator. We affirm the judgment.

1. *Background facts.* In November, 1997, Ahlborg entered into a construction contract with MHI to do part of MHI's work at a shipyard located in Quincy and Braintree. Section 5.1 of the contract allowed Ahlborg to submit monthly requisitions certifying the percentage and value of the work it had performed and to receive a progress payment commensurate with the work completed during the month. Requisitions were to be accompanied by lien waivers executed by Ahlborg and its subcontractors as well as certification by Ahlborg that amounts due and owing its subcontractors had been paid in full. MHI then had ten days to inspect the work or, in the event of a disputed item, to have the work subject to the requisition inspected by an "independent engineer" pursuant to section 10.1. As here pertinent, section 10.1 of the contract provides:

> "Any controversy, dispute or claim between [Ahlborg] and [MHI] arising out of or relating to this Contract, or the breach thereof (a *'Dispute'*), shall first be referred to the Independent Engineer for mediation/arbitration. If either [party] is not satisfied with the determination made by the Independent Engineer and wishes to reserve its right to contest such determination, such party shall give notice to the other within twenty (20) days after the Independent Engineer delivers his written determination to the [parties], to set forth the portion of the Dispute being reserved for later arbitration . . . (the *'Reservation Notice'*). The determination of the Independent Engineer shall be conclusively binding upon [Ahlborg] or [MHI], or both, as the case may be, with respect to any portion of the Dispute that is not so reserved. . . . [A]ny Dispute or portion thereof that is reserved for the later arbitrator as set forth . . . above shall be reserved for decision until after Substantial Completion . . . ." (Emphasis in original.)

In July of 1999, with the contract work overdue and over budget, the parties came to an impasse in a dispute about the amount of a progress payment due Ahlborg, requisition number

12 (the requisition), for work that it claimed it had performed under the contract during the period May 1 through June 30, 1999. The primary but not sole bone of contention between the parties in respect to the requisition was the percentage of work that Ahlborg had completed under the terms of the contract.

On August 13, 1999, MHI requested Stone & Webster, Inc. (S&W), the designated Independent Engineer, to conduct "an impartial 'top down' review of the physical work percent complete of [Ahlborg's] contractual 'scope of the work.' " On August 27, 1999, S&W submitted a report of its "independent evaluation" to Ahlborg and MHI. S&W's report was based on a "walk down of the entire facility to identify the work locations and to understand the status of the work completed to date," a review with each of the parties' representatives of the "schedules of values and individual pay items," the assignment of a "percent complete" for each item set out in the requisition "based on each party's interpretation of the 'scope of the work' and [its] status as of August 25, 1999." S&W concluded that Ahlborg had completed eighty percent of the "scope of the work" covered in the requisition.

S&W acknowledged in its report that three factors had a "direct impact on the accuracy" of its conclusion: (1) both Ahlborg and MHI disputed the scope of the work to be performed by Ahlborg under their contract; (2) there was insufficient time to conduct an in-depth assessment; and (3) amendments to the contract had "skewed the schedule of values to the point where it [did] not appear to represent the actual value of scope of work items."

A little over two weeks later, on September 13, 1999, and consistent with the provisions of section 10.1 of the contract, Ahlborg gave timely notice to MHI that (1) it was asserting its right to immediate payment on the requisition based on S&W's conclusion that its work was eighty percent complete; (2) it was reserving its right under section 10.1 to further arbitration on that portion of S&W's determination of the percentage of the work completed; and (3) it was demanding immediate arbitration of several disputed issues that would have an effect on

future requisitions.[1] Unlike Ahlborg, MHI did not give any notice pursuant to section 10.1 that it was reserving its right to further arbitration on any disputed portion of S&W's report of August 27, 1999.

Three days later, on September 16, 1999, Ahlborg brought the present action against MHI alleging, inter alia, that MHI had failed to make payments due under the contract, had refused to authorize payment for additional "scopes of work" performed by Ahlborg at MHI's request, had intentionally and deceptively failed to inform Ahlborg that its (MHI's) financing was inadequate to fund the contractual or increased scope of the work, and had failed to honor its (MHI's) contractual obligations in connection with the default of its designated contractor. Based on these allegations, Ahlborg asserted claims for breach of contract, quantum meruit, and violations of G. L. c. 93A, § 11. In addition to its various requests for relief based on those claims, Ahlborg requested an order confirming S&W's August 27, 1999, report, and ordering MHI to make payment on requisition number 12, as well as an order to compel MHI to proceed to arbitration.

MHI filed an answer and counterclaim for breach of contract, alleging that Ahlborg had failed through its own dereliction to achieve substantial and final completion of the work under the contract and that the work it had performed was defective. As for Ahlborg's separate request for confirmation of S&W's report, MHI was silent.

In the meantime, on October 15, 1999, S&W issued a lengthy "Independent Engineer's Report," perhaps in response to Ahlborg's September 13, 1999, demand for arbitration on the issues set out in note 1, *supra*. S&W set out in this report its determination with respect to the scope of the work to be completed under the parties' contract and an estimate of the cost to complete the remaining scope of work.

About six weeks thereafter, on December 2, 1999, Ahlborg

---

[1]Ahlborg demanded arbitration on the following issues: (1) whether the contract price was subject to adjustment; (2) the scope of work to be completed under the contract; (3) the proper re-allocation of the schedule of values; and (4) compensation for costs resulting from Ahlborg's use of MHI's designated subcontractor.

renewed its request for confirmation of S&W's report of August 27, 1999, pursuant to G. L. c. 251, § 11. It accompanied the motion with a copy of the contract, S&W's report of August 27, 1999, and the affidavit of its (Ahlborg's) project director for the shipyard work, Michael Harrington. In his affidavit, Harrington states that eighty percent of the contract value of $22,848,176, less the amount which Ahlborg had been paid, $16,078,949, left the "undisputed amount" of $2,199,592 due and owing Ahlborg on the requisition. MHI opposed confirmation of S&W's report of August 27, 1999. A fair reading of the grounds for MHI's opposition is (1) that S&W had not performed the services of an arbitrator under the contract in respect to the moneys owed Ahlborg on the requisition; and (2) that its contract with Ahlborg was terminated on August 30, 1999, prior to the issuance of S&W's comprehensive report of October 15.

On or about January 6, 2000, the judge allowed Ahlborg's motion to confirm S&W's report of August 27, 1999, and ordered that judgment enter against MHI in the amount of $2,199,529, the amount that Harrington stated in his affidavit represented eighty percent of the amount due and owing Ahlborg on the requisition. Next, about a month later, MHI filed a motion to vacate the confirmation order and a motion for a "rehearing" on Ahlborg's motion to confirm, asserting that S&W's report of August 27, 1999, was not an arbitrator's decision within the meaning of section 10.1(a) of the parties' contract. In support of its motions, MHI presented the affidavit of Gerald Doton, the signatory on S&W's report of August 27, 1999.

According to Doton's affidavit, S&W's report of August 27, 1999, "was not the result of any direct negotiations, arbitration and/or mediation between MHI and [Ahlborg]"; S&W had made no determination in respect to payments due Ahlborg under its agreement with MHI; and "[i]t was understood by [S&W] that [the parties] could use [the results of its assessment] in their ongoing negotiations, but [that] the information [set out in that report] was not binding . . . on either party." Ahlborg opposed MHI's motions and, pursuant to Mass.R.Civ.P. 54(b), moved for entry of a separate and final judgment confirming S&W's report of August 27, 1999.

Treating MHI's motions as a motion for reconsideration, the Superior Court judge granted a hearing subject to the condition that MHI produce all its correspondence to S&W that culminated in the report of August 27, 1999. There the matter stood for about two years, until MHI filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. In April, 2002, the Bankruptcy Court remanded the case to the Superior Court pursuant to a stipulation of the parties entered as an order of the Bankruptcy Court.

On May 7, 2002, Ahlborg again sought entry of a separate and final judgment on the order confirming S&W's report of August 27, 1999, and MHI again moved to vacate that order. MHI did so on the same ground that it had asserted earlier, that is, Doton's affidavit in which he states that the August 27, 1999, report was not a binding arbitration decision. As further support for its position, MHI also noted S&W's report of October 15, 1999.

MHI, however, continued in its failure to comply with the judge's earlier ruling that the motion for reconsideration would be heard on the condition that MHI produce its correspondence with S&W relating to the report of August 27, 1999. Consequently, the judge did not reconsider his order confirming the August 27, 1999, report and allowed Ahlborg's rule 54(b) motion. He did so without issuing written findings in support of his ruling that there was "no just reason for delay."

2. *MHI's arguments on appeal.* MHI argues that S&W's report of August 27, 1999, was not an arbitrator's decision and that the judge was in error in treating it as such. It also claims that the judge erred in ordering the entry of a separate and final judgment on the basis of that report. MHI further argues that the facts underlying Ahlborg's claim for payment on the requisition are the same as or closely intertwined with the facts underlying its pending claims and that the separate judgment failed to dispose of all legal theories.

3. *The confirmation order.* An order confirming an arbitrator's award is based on the established and limited inquiries of whether the arbitrator exceeded his authority and whether his decision was tainted by fraud, arbitrary conduct, or procedural irregularity in the hearing. See G. L. c. 251, § 12(*a*). Moreover,

an arbitrator's award cannot be impeached on the basis of errors of law or fact. See *Scott* v. *Commerce Ins. Co.*, 62 Mass. App. Ct. 416, 420 n.8 (2004).

Based on the materials in the record appendix and the applicable cited provisions of G. L. c. 251, we see no error in the judge's confirmation of S&W's report of August 27, 1999. Those materials show that Ahlborg's motion to confirm S&W's report of August 27, 1999, was based on section 10.1 of its contract with MHI as set out in part one of this opinion, *supra*, the affidavit of its (Ahlborg's) project director, and MHI's failure to reserve its right to dispute S&W's determination through final arbitration. When, on September 16, 1999, Ahlborg brought the present action seeking confirmation of the report and alleging new claims for which it sought an order to compel arbitration, see note 1, *supra*, neither MHI's answer nor counterclaim asserted grounds requiring inquiry into the substance or effect of S&W's report of August 27, 1999. See *Scott* v. *Commerce Ins. Co.*, 62 Mass. App. Ct. at 420 n.8; G. L. c. 251, § 12(*a*).

It was not until about a month after the judge confirmed S&W's report that MHI sought reconsideration of that ruling on the basis of the Doton affidavit. That Doton characterized in his affidavit the review of the work "percent complete" as a "superficial" and "quick 'Top Down' assessment," did not require the judge to reconsider the confirmation order and look beneath the report of August 27, 1999. See *Dadak* v. *Commercial Ins. Co.*, 53 Mass. App. Ct. 302, 306 (2001); *Scott* v. *Commerce Ins. Co.*, 62 Mass. App. Ct. at 420 n.8. Nonetheless, the judge was willing to reconsider the confirmation order on the condition that MHI produce all correspondence leading up to S&W's report. Still, MHI did nothing and remained silent. We conclude that the judge acted well within the range of his discretion in denying MHI's motion for reconsideration, especially in view of the fact that MHI failed to meet the condition imposed by him.[2]

4. *The rule 54(b) certification.* Having denied MHI's motion

---

[2]We need not consider the parties' arguments whether Doton's affidavit could properly be relied upon to impeach the report of August 27, 1999. The judge had the affidavit before him when he allowed MHI's motion for

for reconsideration, the judge then allowed Ahlborg's rule 54(b) motion for the entry and certification of a judgment on the order confirming S&W's decision of August 27, 1999. Certification of a judgment under rule 54(b) is considered to be a " 'special dispensation,' *Feinstein* v. *Resolution Trust Corp.*, 942 F.2d 34, 39 (1st Cir. 1991)," which should be " 'exercised sparingly,' *Harriscom Svenska AB* v. *Harris Corp.*, 947 F.2d [627], 629 (2d Cir. 1991)]." *Long* v. *Wickett*, 50 Mass. App. Ct. 380, 389 (2000). It is proper where (1) an action involves multiple claims or multiple parties; (2) there has been a final adjudication as to at least one but fewer than all of the claims; (3) there is an express finding that there is no just reason for delaying an appeal until the remainder of the case is resolved; and (4) the entry of judgment is expressly directed. *Id.* at 385-386.

Whether multiple claims exist and whether there has been a final adjudication as to any claim are questions of law upon which our review of the judge's decision is de novo. *Id.* at 386. On the other hand, review of "[t]he determination of the presence or absence of a just reason for delay . . . is left to the sound discretion of the trial judge and is subject to reversal only for an abuse of that discretion." *Ibid.*

To be sure, the pleadings filed by Ahlborg and MHI show the existence of multiple claims. However, based on the materials in the record appendix before us and parts one and three of this opinion, *supra*, as well as MHI's failure to raise timely any grounds set out in G. L. c. 251, § 12(*a*), we conclude that the order confirming S&W's report of August 27, 1999, in respect to Ahlborg's requisition number 12 was a final adjudication on a claim separate from and independent of the remaining counts raised by the parties' pleadings. See *Hague* v. *Piva*, 61 Mass. App. Ct. 223, 227 (2004).

Although we have repeatedly emphasized the desirability and importance of written findings setting out the reasons for a judge's exercise of discretion in allowing a rule 54(b) certifica-

---

reconsideration subject to the condition that MHI produce its correspondence concerning the report. Nor need we consider MHI's contention in respect to the scope of the confirmation order, as its claim is unaccompanied by argument within the comprehension of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

tion, we also have held that a judge's failure to do so would not necessarily require dismissal of the appeal. That is especially so where, as here, the judge's reasons for ordering the entry of judgment on less than all the claims raised by the pleadings are obvious. *Dattoli* v. *Hale Hosp.*, 400 Mass. 175, 176 (1987).

On the basis of the materials in the record appendix before us, we conclude that the judge did not abuse his discretion in concluding that there was no "just reason for delay," see rule 54(b), in directing that judgment enter on Ahlborg's claim for payment on requisition number 12. See *Acme Engr. & Mfg. Corp.* v. *Airadyne Co.*, 9 Mass. App. Ct. 762, 765 (1980).

*Judgment affirmed.*