Brant, J.
Matthew J. Silva (“Silva”), a resident of Beverly, Massachusetts, obtained a credit card from MBNA America, NA (“MBNA”), a Delaware bank. When Silva received the card, he also received a copy of the standard cardholder’s agreement then in use by MBNA. That original agreement did not contain an arbitration clause. Silva began to use the credit card in the usual manner.
On or about July 15, 2002, MBNA sent Silva an amended cardholder’s agreement which provided, inter alia, that the agreement was made in Delaware and governed by the laws of Delaware; and that any disputes between the parties were subject to mandatory arbitration to be conducted by the National Arbitration Forum of Minneapolis, Minnesota. MBNA sent the amended agreement to Silva twice; first in a separate mailing and then as an insertion in a credit card bill.
Silva did not object to the arbitration clause and did not stop using the MBNA credit card. Instead, he responded to receipt of the amended cardholder’s agreement by purporting to submit an arbitration claim to an organization called the Consumer Arbitration Forum of Richardson, Texas. That organization determined that MBNA owed Silva $10,737.00.
Soon thereafter, MBNA requested arbitration by the National Arbitration Forum (the “Forum”) pursuant to the cardholder’s agreement to resolve Silva’s unpaid credit card balance. After a hearing, the Forum issued a decision in favor of MBNA in the amount of $13,378.72.
MBNA filed this suit seeking enforcement of the Forum’s award, plus interest, for a total of $13,741.65. Silva answered that the Forum’s decision should not be enforced against him, and counterclaimed for alleged G.Lc. 93A violations by MBNA. The parties filed cross motions for summary judgment. MBNA’s motion was allowed, Silva’s was denied and this appeal followed.
It is well established that summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. R, Rule 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and his entitlement to judgment in his favor. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The essential material facts are not disputed in this case. Both parties moved for summary judgment, and the motion judge ruled that the National Arbitration Forum’s award was enforceable against Silva based on the legal arguments pre *118 sented.
Silva’s contention that the arbitration provision in the amended cardholder’s agreement should not be enforced against him is unavailing. The agreement clearly states that it is to be governed by Delaware law. A Delaware statute provides that “a bank at any time and from time to time may amend such agreement in any respect. ...” Delaware Code Ann. Title 5, §952(a). Delaware case law permits the amendment to be made unilaterally as long as notice is given. Edelist v. MBNA America Bank, 790 A.2d 1249, 1257-1258 (Del. Super. 2001). Further, the amended cardholder’s agreement clearly states that arbitration was to be conducted by the National Arbitration Forum. Silva’s presentation of a claim to the Consumers Arbitration Forum was not part of the cardholder’s agreement and was, thus, not binding on the parties.
There is also no merit in Silva’s argument that the Uniform Commercial Code, G.L.c. 106, §2-207, precludes a unilateral amendment of a contract. Section 2-102 plainly states that Article II of the Uniform Commercial Code does not apply to a sale “intended to operate only as a security transaction....” There is no support in the Code for Silva’s argument that the Forum’s arbitration award should not be enforced.
Finally, Silva argues that the arbitration clause is unconscionable. However, the arbitration conducted comported with the Federal Arbitration Act, which provides that an agreement to arbitrate is valid, 9 U.S.C. §2, and permits a court to overturn an arbitration award only in the event of fraud or corruption. 9 U.S.C. §§9, 10.[1] Massachusetts law provides that a court is to affirm an arbitrator’s award, or amend or correct an obvious error. In the absence of any such error, “the court shall confirm the award as made.” G.L.c. 251, §13 (b).
An order confirming an arbitrator’s award is based on the established and limited inquiries of whether the arbitrator exceeded his authority and whether his decision was tainted by fraud, arbitrary conduct, or procedural irregularity in the hearing. ... Moreover, an arbitrator’s award cannot be impeached on the basis of errors of law or fact.
O. Ahlborg & Sons, Inc. v. Massachusetts Heavy Industries, Inc., 65 Mass. App. Ct. 385, 390-391 (2006). The trial judge was correct in affirming the arbitration award in this case.
Appeal dismissed.

 An Ohio court examining the same arbitration clause as the one at issue in this case determined that it was not unconscionable. Joseph v. MBNA America Bank, NA, 148 Ohio App. 660 (2002).